In Matter of YOUNG CAMPBELL.—19 S. W. (2d) 752.

Court en Banc, August 19, 1929.

758

*E. B. Silvers* for petitioner.

*Butcher & Knoop* and *H. D. Kissenger* for respondent.

WHITE, C. J.—Habeas corpus. Frances B. Campbell presented to this court her petition alleging that she is the mother of Young Campbell, an infant four years of age, and that Young Campbell is unlawfully deprived of his liberty in Jackson county, Missouri; that July 25, 1928, Young Campbell was committed to the custody of the petitioner by decree of the Circuit Court of Jackson County, in a case wherein Claire Campbell was the plaintiff, and petitioner was defendant, the same being a decree of divorce; that the said child remained in the custody of petitioner until May 16, 1929, when upon on information filed in a Juvenile Court of Jackson County one A. W. Sipe, Juvenile Officer in said court, took the child from petitioner's custody and placed him in the custody of one Mrs. Mitchell S. Tucker, and that thereafter proceedings were had in said Juvenile Court by which the following judgment was rendered:

"Comes Young Campbell in person and by parents and by Probation Officer Sipe, who heretofore filed complaint charging that the said Young Campbell is a neglected child: The court after hearing the evidence and being fully advised in the premises thereof finds that the said Young Campbell is a minor of the age of three years, and is a neglected child within the meaning of the statutes provided in such cases, and is suffering from the cruelty and depravity of his mother, Frances B. Campbell, in that the said Young Campbell has been severely beaten by his mother, Frances B. Campbell.

"WHEREUPON it is ordered by the court that the said Young Campbell be made a ward of this court and that he be remanded to the probation officer of this court until such time as a suitable home may be found for him. Commitment to be made later."

The petitioner further alleged that thereafter, at the same term, June 29, 1929, for and on behalf of said child she filed a motion for new trial in said matter which was by the court overruled, and thereupon she filed an affidavit and application for appeal from said judgment, offering to give such bond as might be fixed by the court for such appeal.

That the said Juvenile Court, July 11, 1929, refused to grant said appeal or to fix a bond in connection therewith; that the refusal to grant said appeal was unlawful and by virtue thereof the said Young Campbell is now unlawfully in the custody of A. W. Sipe, Juvenile Officer. Wherefore the petition prays for a writ of habeas corpus.

The writ was issued returnable July 30, 1929; the petitioner waived the production of the body of Young Campbell. Sipe and Mrs. Mitchell Tucker filed separate returns in effect admitting the allegations of fact in the petition.

In the files appears a certified copy of the proceeding in the Juvenile Court of Jackson County, including the judgment above set out. The several parties agreed to submit the case upon brief, and it has been so submitted.

The petitioner bases her claim upon two propositions: (1) that she had a right to appeal from the judgment and finding that Young Campbell was a neglected child; and (2), that the denial of that appeal by the Juvenile Court was unlawful, and therefore the order of the Juvenile Court remanding the infant to the probation officer was unauthorized and the said infant unlawfully restrained of his liberty.

Respondents deny each of these propositions.

I. Section 2610, Revised Statutes 1919, the chapter relating to juvenile courts, has the following:

"An appeal shall be allowed to the child from any final judgment of delinquency or dependency, or final order of commitment made under the provisions of this article, and from any modification of ▆▆▆▆ such order, and may be demanded on the part of the child by its guardian, by either parent or by its previous custodian, or by any person within the fourth degree of kindred of such child."

Appeal in this case is demanded by the mother of the child. It is contended by the respondents that an appeal does not lie in this case because Young Campbell was adjudged to be a "neglected" child and neglected child is not mentioned in that section.

Respondents further contend that the part of the quoted section which might apply to a case of this kind is the clause: "or final order of commitment made under the provisions of this article." Petitioner argues that such part does apply and authorizes appeal in this case. We do not agree with either of them. It will be noticed that the judgment remanded the child to the probation officer, and adds, "Commitment to be made later." ·

To understand what the Legislature had in mind in allowing appeals under Section 2610, the general purpose of the Juvenile Court Act must be considered. It provides first for the determination of the *status* of an infant which may be brought under its jurisdiction. That *status* having been determined a commitment to some suitable person or institution is then provided for.

By Section 2610, Revised Statutes 1919, an appeal is allowable from the final judgment determining the *status* of the infant, "delinquency or dependency," and also later from an order of *commitment* as a separate and distinct proceeding. It is apparent that in the legislative mind the preliminary proceeding determining the *status* of the infant was a final judgment from which an appeal

could be taken. That the commitment was another and subsequent proceeding from which appeal would lie.

Section 2595 provides for the commitment .by the juvenile court of a "neglected" child to some good, reputable person of good moral character or of an association willing to receive it, or an institution incorporated under the laws of this State; or, "the court may return the child to the parent or guardian under the supervision of the probation officer." Now that sort of commitment occurs *after* a judgment determining the child to be neglected.

II. The law, Article VI, Chapter 21, Revised Statutes 1919 (amended in some sections by Act of 1923, Laws 1923, p. 153), brings within the jurisdiction of the juvenile court two classes of children—"delinquent" and "neglected." A "neglected child" and a "delinquent child" are defined.  [Sec. 2591, R. S. 1919; Act of 1923, Laws 1923, pp. 153-4.] These two classes embrace all children of which the juvenile court may take notice. "Dependent child," is not defined in the article; neither is the word "dependency." Nor is any provision made for dealing with a "dependent child" or a condition of "dependency." A dependent child, therefore, must belong to one or the other of the two classes defined, "delinquent" or "neglected;" possibly it might belong to either.

What then is a final judgment of dependency as mentioned in Section 2610? We must resort to the ordinary meaning of the word "dependency" or "dependent" in order to determine to. what it applies. A dependent child naturally is one dependent upon another for support. Or the definition might be narrowed to a child dependent upon the public for support.

A "neglected child" is thus defined, in Section 2591:

"For the purpose of this article the words 'neglected child' shall mean any child under the age of eighteen years, who is destitute or homeless, or abandoned, or *dependent upon the public for support,* or who habitually begs or receives alms, is found living in any house of ill-fame, or with any vicious or disreputable person, or who is suffering from cruelty or depravity of its parents, or other persons in whose care it may be."

When the juvenile court adjudged that Young Campbell was "suffering from the cruelty and depravity of its mother," and ordered that the child be made a ward of the court and remanded to the probation officer, the child thereupon became dependent upon the public for support. That could not be other than a judgment of "dependency," as the term is used in Section 2610.

It cannot be that the Legislature intended to allow an appeal in the case of a delinquent child and not allow an appeal in the case of a neglected child. If an appeal from a judgment of the juvenile court determining the status of a child is allowed only to a delinquent child and not to a neglected child then the word "dependency" in the appeal section is entirely superfluous. By the judgment in this case the court made Young Campbell a dependent child if he was not so before, and he had a right to appeal under Section 2610.

Even if that section could be construed as not to apply there would be a right of appeal under Section 1469, which provides that any party to a suit aggrieved by any judgment of *any* circuit court in *any* civil cause from which an appeal is not prohibited by the Constitution may take an appeal. The right to appeal comes under the sweeping terms of that statute unless we should say that there is no final judgment determining the *status* of this Young Campbell until he is committed to some person or institution. But Section 2610 clearly contemplates that there is a final judgment whenever the *status* of a child is determined.

III. The petitioner's brief asserts that she is not attempting to substitute a habeas corpus for a mandamus, or for any other method  by which an appeal might be secured, but stands squarely on the proposition that habeas corpus will lie because the detention of Young Campbell is unlawful after an unwarranted disallowal of an appeal.

In taking this position petitioner in effect asserts that an erroneous order by the juvenile court, having jurisdiction of the persons and the subject-matter of the case, is unlawful, such as to make the judgment a nullity, though not appealed from. The petitioner calls attention to the provision of Section 2610 which provides that an appeal shall act as a supersedeas if the bond in such sum as is fixed by the court shall be given, etc., or that the trial court may in its discretion dispense with such bond and that an appeal will act as a supersedeas. The effect of that statute is that *when appeal is granted,* either with or without bond, according to the discretion of the court, the appeal acts as supersedeas and the child remains in the custody of the petitioner, from whom it was taken. The supersedeas, however, occurs only when the appeal is allowed. The application for an appeal does not act as a supersedeas.

It is pointed out by respondents that Section 2610 is in conflict with Section 2594, which provides in the closing sentence: "Pending the disposition of any case, the child may be retained in custody of the person having charge of the same, or may be kept in some

place of detention provided by the county, or by any association having for one of its objects the care of delinquent or neglected children, or in such other custody as the court may direct.''

If this may apply to a case pending on appeal it would be in conflict with Section 2610, and we would be called upon to harmonize, if possible, that conflict. But this case is not pending on appeal and has not been pending on appeal. It was pending in the Juvenile Court of Jackson County when this petition was filed; it was not finally disposed of in the juvenile court because the term at which the judgment was rendered was not ended, and there was still time for appeal. The court, under the provision quoted from Section 2594, had complete authority to dispose of the custody of the child. There was no appeal and no supersedeas.

We cannot agree to the proposition of the petitioner that because the judge of the juvenile court erred in refusing to allow the appeal that it thereby lost all jurisdiction of the case. That court had rendered a final judgment determining the *status* of this neglected child, and that judgment stands unappealed from. The error in disallowing an appeal did not nullify that judgment. Only a reversal on appeal could do that.

The petitioner's remedy was plain. She could have proceeded by mandamus to compel the allowance of the appeal. The remedy was expeditious; it would have caused no more delay than the proceeding which the petitioner has undertaken in this court. The very fact that the statute permits an appeal makes the remedy complete. We are cited to no authority which will warrant a contrary conclusion.

Petitioner refers to the statute relating to habeas corpus. Section 1876, Revised Statutes 1919, provides that every person restrained of his liberty may prosecute a writ of habeas corpus ''except when, according to the provisions of this article, such person can be neither discharged nor bailed, nor otherwise relieved.''

An appeal here would ''otherwise relieve'' the child detained.

Section 1907, Revised Statutes 1919, provides that in a proceeding by habeas corpus it is the duty of the court to remand the party where he is detained by virtue of the final judgment or decree of any court of criminal or civil jurisdiction. That would seem to settle the determination of this case. A court of competent jurisdiction has adjudged the disposition of the party in this case. The judgment is unappealed from and this court has no discretion except to remand Young Campbell to the probation officer of the Juvenile Court of Jackson County.

It is so ordered. *Atwood, Blair, Gantt* and *Ragland, JJ.,* concur; *Walker* and *Frank, JJ.,* absent.