THE STATE EX REL. VALENTINE COAL COMPANY ET AL. V. FRANCIS H. TRIMBLE ET AL., Judges of Kansas City Court of Appeals. —28 S. W. (2d) 1028.

Court en Banc, June 3, 1930.

*Pingry, Nulton & Stevenson, Con Murphy, Jr.,* and *Silvers & Sheppard* for relators.

*Sylvan Bruner* and *Mosman, Rogers & Buzard* for respondents.

WALKER, J.—This is an original proceeding in certiorari to compel the respondents to send up the record in the case of Laura B. Cotter against the Valentine Coal Company and the Consolidated Underwriters. It is based upon the ground that the opinion of the respondents, the Kansas City Court of Appeals, is in conflict with the last controlling decision of the Supreme Court on the proper construction to be given to Section 21 of the Missouri Workmen's Compensation Act, and particularly that part of the same defining the word "dependent," as follows:

"The following persons shall be conclusively presumed to be totally dependent for support upon a deceased employee in the following order and any death benefit shall be payable in the following order, to-wit: 1. A wife upon a husband legally liable for her support." [Subdivision "d," paragraph 1, Sec. 21, Laws 1925, p. 388.]

The record discloses that the original action was one by the widow of a deceased employee of the Valentine Coal Company, sounding in damages for the death of her husband through the alleged negligence of the Coal Company. Upon a submission of her claim to the Workmen's Compensation Commission the latter held, under the facts, that she was not a dependent within the meaning of the act. Upon an appeal to the Circuit Court of Bates County the finding of the Commission was affirmed. The judgment thus rendered was, upon an appeal, reversed and remanded by the Kansas City Court of Appeals. Upon its ruling is the averment of a conflict based.

The facts as disclosed by the opinion consist of the testimony alone of Laura B. Cotter, the plaintiff in the original action. They are, in effect as follows; that she and the deceased lived together as husband and wife for about eighteen years, at the end of which period they separated while living in Kansas; that no children were born of their marriage; that thereafter the plaintiff and her daughter, by a former marriage, were employed in a store in Pittsburg, Kansas, for about eight years; that afterwards the daughter married and that the plaintiff lived with and was supported by her, the deceased contributing nothing to her support; that when the separation from the deceased occurred that he, taking his belongings, left her and went to live with a sister; that upon leaving the plaintiff he said: "If you ever need any money ask for it and if I have it you shall have it;" that he would help her; that although she needed money during the eighteen years transpiring between their separation and his death, she never asked him for any; that she never needed it badly or she would have asked him for it; that during the years of their separation she had nothing to do with him; that while she was living in Pittsburg, Kansas, when the accident occurred which ultimately resulted in

280

his death, she did not communicate with or visit him to ascertain his condition, as she supposed he did not wish to see her. Neither party had ever sought to procure a divorce.

I. The determination of the existence of the alleged conflict is the limit of our jurisdiction in cases of this character. A constitutional provision (Sec. 6, Art. 6, Amend. 1884) fixes this limitation. To ascertain, therefore, if a conflict exists a comparative analysis of the Supreme Court ruling and that of the Court of Appeals becomes necessary, limiting our review of the latter to the language of the opinion.

The core of this controversy is the interpretation given by the Court of Appeals to the word "dependent," as employed in the act. The language of the latter, heretofore briefly referred to, so far as the same is relevant to the instant case, is, in effect, as follows:

"(d). The word 'dependent' as used in this act shall be construed to mean a relative by blood or marriage of a deceased employee, who is actually dependent for support, in whole or in part, upon his wages at the time of the injury. The following persons shall be conclusively presumed to be totally dependent for support upon a deceased employee in the following order and any death benefit shall be payable in the following order, to-wit:

"1. A wife upon a husband legally liable for her support." [Laws 1925, p. 388.]

We do not find that Section 21, supra, has ever been construed or that the word "dependent," in the sense the same is used in said section, has ever been defined by the Supreme Court. The nearest approach to a definition of the word appears in the case of In re Campbell (Mo.), 19 S. W. (2d) 752, in an opinion in Court en Banc by WHITE, C. J., in which it is held, in construing the Juvenile Court Law (Laws 1923, p. 153), that a dependent child was one "dependent on another for support." If it is sought by analogy to render this definition a precedent in the construction of the word in Section 21, supra, we find nothing therein in conflict with the rulings of the Court of Appeals.

II. The Court of Appeals' ruling (14 S. W. (2d) 660) based upon its construction of the facts, as disclosed in the opinion, is that the parties separated by mutual consent and that having thus separated he continued liable for her support as during the marital relation, the nature of their separation being determinative of her dependency.

The vice in the opinion, if it exists, consists in the construction of the plaintiff's testimony as supporting the conclusion that the separation was by mutual consent. With that conclusion, however,

if error, we are not concerned, unless it runs counter to a decision or a well established rule of construction of this court. In view of the reference to numerous courts of appeals cases and authorities from other jurisdictions in support of the application for this writ, we feel constrained to say, and the declaration has become threadbare from repetition, that we will only under the limitation we have stated, hold our own rulings as determinative of the matter at issue.

III.  This brings us to a consideration of the cases cited by the relator as sustaining its contention.

In the case of Audrain County v. Muir, 297 S. W. 499, the county was attempting to recover from a husband a sum of money paid by it for the care and keeping of an insane wife in a state hospital. The husband answered that he and his wife had been living apart on account of her misconduct for more than a year before her commitment to the hospital. The court instructed the jury that if the separation was due to the wife's misconduct and desertion of her husband the jury should find for the defendant and the jury so found. It will be seen that there was no similarity in the facts in the case to those at bar. The question of the liability of the husband for the support of the wife based upon a separation by mutual consent was not in the case and the ruling of the Court of Appeals not in conflict with it.

In the case of Reese v. Chilton, 26 Mo. 598, cited by relators, instead of being in conflict with the Court of Appeals' ruling, inferentially, at least, holds that a husband is liable for the support of his wife when their separation is by mutual consent. The language of the opinion is as follows:

"The law presumes the husband's assent to contracts made by the wife for necessaries suitable to his degree and estate from the fact of cohabitation (Rutherford v. Cox, 11 Mo. 348) ; but when that ceases the tradesman is bound at his peril to take notice of the separation (Porter v. Bobb, 25 Mo. 36), and he cannot recover of the husband for any supplies furnished to the wife unless the separation was on account of the misconduct of the husband, or was by the mutual consent of the husband and wife without any adequate allowance for her support."

We find no other case in our reports that undertakes to thus determine the question under review. But that aside, it is sufficient to say that its ruling is not in conflict with that of the Court of Appeals.

Without deciding, therefore, the question of the correctness of the Court of Appeals' ruling, which it was authorized, as a court of last resort, to make, subject to the limitation stated, the issuance of the writ was unauthorized and the same is quashed.  All concur.