THE STATE v. YOUNG CAMPBELL, by FRANCES B. CAMPBELL, Appellant.—32 S. W. (2d) 69.

Division Two. June 11, 1930.

562

*E. B. Silvers* for appellant.

*Stratton Shartel*, Attorney-General, for respondent; *Butcher & Knoop* and *H. D. Kissenger* of counsel.

564

WHITE, J.—On a petition presented in the Juvenile Court of Jackson County by A. W. Sipe, Juvenile Officer, that court adjudged Young Campbell, an infant four years of age, to be a neglected child, suffering from the cruelty and depravity of his mother, Frances B. Campbell, and ordered that he be made a ward of the court and remanded him to the custody of the Probation Officer until a suitable home could be found for him.

Frances B. Campbell, mother of the child, filed a motion for rehearing in the case, which was overruled, and then filed an affidavit and application for an appeal to this court, which application was denied. She then brought a proceeding in this court,

seeking by habeas corpus to recover the custody of the child, which proceeding was determined against her. [In re Campbell, 323 Mo. 757, 19 S. W. (2d) 752.] We held, however, that she had a right to appeal from the judgment of the Juvenile Court. Then Frances B. Campbell applied to a judge of this court, under Section 1474, for a special appeal and her appeal was granted. A bill of exceptions was filed in the Juvenile Court containing the evidence taken in the original proceeding, and a transcript of the bill is on file in this court.

I. The respondent has filed a motion to dismiss this appeal and that motion was taken with the case November 15, 1929. The first ground of said motion is that when the special appeal allowed by one of the judges of this court, under Section 1474, there was no copy of the record filed in this court. That application for appeal was filed immediately after the rendition of the opinion In re Campbell, supra. This court had before it the record in that case, identically the same record as in this case, which showed the proceeding in the Juvenile Court of Kansas City, the determination of the matter and the erroneous denial of appeal by that court.

Section 1474 provides that no order granting an appeal by such court or judge shall be made "unless it appears from an inspection of a copy of the record that error was committed by the trial court against the party applying for the order, and materially affecting the merits of the action."

The point made in the motion is that the judge who granted the special appeal did not discover error in the record. We do not understand that the respondent in such a case can inquire into the state of mind of the judge who grants a special appeal, and can be heard to say that to such judge no error appeared in the record. If there is no error in the record that fact may be determined upon this appeal; it is not determinable as a matter which denies the right to entertain an appeal.

The second point in the motion is that this court has not jurisdiction of an appeal of proceedings of the Juvenile Court of Jackson County, but that such jurisdiction is lodged in the Court of Appeals unless a constitutional question is timely raised. The appellant does raise here two constitutional questions. One is that the act under which this proceeding was had, Article VI, Chapter 21, Revised Statutes 1919, is made to apply only to counties having fifty thousand inhabitants or more, and therefore denies equal protection of the laws.

It is further claimed in the motion to dismiss that the constitutionality of the Juvenile Act under which this proceeding was had was not raised at the first opportunity because nothing appears

in the record until the motion for new trial was filed. At the same time the respondent asserts that the record of the proceeding is not properly here so that we can determine whether a constitutional question was raised at any stage of the proceeding.

Article VI of Chapter 21 of the statute relating to Juvenile Courts and counties having fifty thousand inhabitants or more provides in Section 2594, Revised Statutes 1919, that summons shall be issued and returned, and "the court shall proceed to hear the case in a summary manner, and if it shall determine that the child is a 'neglected child' within the definition thereof contained herein, shall enter its order or judgment accordingly under the provisions of this article."

There is no provision in this section, nor in any other part of the Juvenile Act, for any pleadings in the case. The proceeding is entirely informal and whether a constitutional question was raised would not appear in the record. It would not necessarily appear in the appellant's application for appeal in the circuit court, which was denied, nor would it necessarily appear in an application for appeal in this court. We think, therefore, that this court had jurisdiction of the cause. The motion to dismiss is overruled.

II.  The precise point which the appellant makes against the constitutionality of the Juvenile Act relating to neglected and delinquent children in counties having fifty thousand inhabitants or over is that it is a different definition of a neglected child from that in the act relating to children in counties having less population than fifty thousand. The definition of a neglected child, Section 2591 of the former class is, any child under the age of seventeen years who is destitute or homeless or abandoned, or dependent upon the public for support, or who habitually begs or receives alms, or who is suffering from the cruelty or depravity of its parents or other persons in whose care it may be. The definition of a neglected child in Section 1135, in counties less than fifty thousand, is one under the age of seventeen years who is homeless or abandoned, or who habitually begs or receives alms or is found living in a house of ill fame, or with a vicious or disreputable person, or who is suffering from the depravity of its parents or other persons in whose care it may be. On these slight differences the appellant claims that he is denied the equal protection of the laws under the Fourteenth Amendment to the Federal Constitution. This contention is based upon the opinion of this court in State v. Gregori, 318 Mo. 998, 2 S. W. (2d) 747, where it was held that an amendment to Article VI, Chapter 21, relating to juveniles in counties of more than fifty thousand was unconstitutional, because it raised the age limit from seventeen to eighteen years, thus making a criminal of a person

between seventeen and eighteen years of age in one county, who would be merely a delinquent in a county adjoining. This court has held that the two acts, Article VI, Chapter 21, and Article V, Chapter 11, as they now read, are not in violation of the Fourteenth Amendment to the Federal Constitution. [State v. Damico, 4 S. W. (2d) 424; State ex rel. Boyd v. Rutledge, 13 S. W. (2d) 1061.] The different conditions which surround a boy or girl in large counties are quite different from those in small counties, and hence the slight difference in the definitions of a neglected child and in the method of dealing with them as reflected in the definitions.

III. Appellant further complains that he was tried in violation of his right to a trial by jury under Article II, Chapter 28, of the Constitution. We do not find in the record that Young Campbell, nor anyone representing him, demanded a jury trial at any part of the proceeding. So there is no error, even if in this kind of a case, where he was not charged with a crime, but was adjudged a ward of the court for his own protection, he would be entitled to a trial by jury.

IV. At the time the appeal was granted this court had before it only the record proper and the record shown in In re Campbell, 19 S. W. (2d) 752. After the appeal was taken a bill of exceptions was filed. The respondent asserts that an appeal granted under Section 1474, Revised Statutes 1919, is a special appeal, and on a hearing of such appeal the court can only consider errors apparent in the record at the time the appeal is taken, and cannot consider errors in a bill of exceptions filed subsequent to the taking of an appeal. This position is supported by Brockman v. United Railways, 271 Mo. 696, l. c. 701, and a ruling later approved by this court in Buerck v. Mid-Nation Iron Products Co., 245 S. W. l. c. 49-50. If that ruling is applied here then the appellant took her appeal prematurely; she should have waited until the bill of exceptions was filed so it could be presented as a part of the record. The ruling in the Brockman case would result in some inconveniences and awkward situations. For instance, an appeal might be granted under Section 1474 from an error perfectly apparent in the record as it existed at that time, while a bill of exceptions filed subsequently, thus becoming a part of the record, might show that no error at all was committed. This is a condition which one applying for such an appeal must take into consideration.

Yet we are unable to find any sufficient reason for departing from the ruling in that case. The record proper recites that the Juvenile Court, after hearing the evidence and being fully advised, finds that Young Campbell is a neglected child within the meaning

568

of the statute and is suffering from the cruelty and depravity of his mother, Frances B. Campbell. To the validity of that record no objection is presented except the constitutional questions which have been disposed of above.

The court, however, under Section 2607, Revised Statutes 1919, retains jurisdiction of the case, and under Section 2611 may compel the parents of such child to support it. The court therefore may fully consider the matter again, and the evidence may be preserved in the manner to be considered on appeal if one should be taken. The mother now being in charge of Young Campbell, and having been so since this appeal was taken by giving a supersedeas bond, her treatment of the child during the time since the appeal was taken would be of vital importance in determining whether the child should be restored to her.

The judgment accordingly is affirmed. All concur.

PER CURIAM:—The appellant's motion to modify the opinion is sustained and the opinion is modified to conclude as follows:

The judgment is affirmed and the cause remanded with directions to the trial court to take evidence and hear evidence of appellant for the purpose of determining whether appellant Frances B. Campbell is now a fit person to have charge and custody of Young Campbell. All concur.