**In re JUVENILE DELINQUENCY APPEAL,**

Case No. 29,375.

St. Louis Court of Appeals.
Missouri.

April 17, 1956.

Rehearing Denied May 11, 1956.

R. P. Smith, Cape Girardeau, for appellant.

HOUSER, Commissioner.

This is an appeal from an order of the Cape Girardeau Court of Common Pleas entered on June 8, 1955 committing appellant, an adjudged juvenile delinquent, to the Missouri Training School for Boys.

The first point sought to be advanced is that the court erred in finding appellant to be a delinquent minor. It is urged that there is a complete absence of record evidence to support the finding. That finding was made on November 19, 1954. An "application for appeal" from that order was filed in the lower court within 60 days after November 19, 1954

(see Section 211.410 RSMo 1949, V.A. M.S.), but that appeal was abandoned in the trial court, which subsequently made an order purporting to strike the application for appeal from the records, and the appeal was never perfected in this court. In order to have secured a review of the sufficiency of the evidence to support the finding of his status as a delinquent child it would have been necessary for appellant to have taken an appeal within 60 days after the entry of the judgment of November 19, 1954 and to have perfected the same. That not having been done, the question cannot be reviewed on appeal from an order of commitment issued more than 60 days after the entry of the judgment of conviction. The two proceedings, i. e. the determination of the status of the child and the determination of the question of commitment, are separate and distinct, each terminating in a final judgment or order from which an appeal will lie. In the case of In re Campbell, 323 Mo. 757, 19 S.W.2d 752, loc. cit. 754, the Supreme Court so construed Section 211.170 RSMo 1949, V.A.M.S. (the appeals statute relating to proceedings in first and second class counties). Although Section 211.410, supra, does not elaborate the distinction in the same detail, it appears that the legislative intent was the same and that the two statutes should receive the same construction. The point therefore cannot be considered on the instant appeal, which is from the order of June 8, 1955. This is true notwithstanding the parties have treated the point as if properly raised. A court is duty bound to inquire, sua sponte, into its jurisdiction, and when it has determined against its jurisdiction it cannot determine the particular matter, even if the parties agree to its submission.

■ The first point properly raised is that for various reasons the court erred in revoking and setting aside an order granting appellant a parole. This is a question into which we cannot inquire. Section 549.180 RSMo 1949, V.A.M.S. provides that the action of any court or judge in terminating a parole shall not be subject to review by any appellate court.

■ The next point is that the court erred in entering the order of commitment on June 8, 1955 for the reason that the court was not in session but was in vacation on that date; that the order of commitment was presented to and signed by the judge in his chambers, and that the judge did not call a special session of court under Section 211.330 RSMo 1949, V.A. M.S. The record does not support appellant. There is nothing in the record to indicate that June 8, 1955 was a day in vacation of that court or that the order was presented to or signed by the judge in chambers in vacation. On the contrary, the record shows that June 8, 1955 was a regular day of the May Term of that court. Each of the dates on which various proceedings were had in this case are designated in the transcript as either term days or vacation days. Preceding the entry in question the following appears: "June 8, 1955—6th Day of May term." Although day to day orders of adjournment during the May Term, up to and including June 8, 1955, do not appear in the transcript we act upon the presumption of regularity in this connection, under which it is presumed that the order of adjournment from the 5th to the 6th day of the May Term (the latter being the 8th day of June) was regularly made and entered, nothing to the contrary having been made to appear.

No error appearing, the Commissioner recommends that the judgment be affirmed.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.

The judgment of the Cape Girardeau Court of Common Pleas is, accordingly, affirmed.

ANDERSON, P. J., MATTHES, J., and SAM C. BLAIR, Special Judge, concur.