**In the Interest of J. W. P., a child under seventeen years of age.**

**S. A. P. and K. E. P., Appellants,**

v.

**Anne Schubert, Deputy Juvenile Officer, Greene County, Missouri, Respondent.**

**No. 22382.**

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 17, 1999.

Robert McGee, Springfield, for appellant S. A. P.

M. Elise Branyan, Springfield, for appellant K. E. P.

Bill Prince, Springfield, for respondent.

CROW, Judge.

S.A.P. ("Father") and K.E.P. ("Mother") appeal from an order of the juvenile court[1] pertaining to their son, J.W.P. ("Child"). In the order, the juvenile court determined Child was within its jurisdiction under § 211.031.1(1) and placed Child in the custody of the Division of Family Services.

While this appeal was pending, this court, *sua sponte*, noted that inasmuch as the order appealed from was not denominated a judgment and was not signed by the judge, the order failed to meet two requirements of Rule 74.01(a).[2] This court thereupon issued an order granting Appellants an opportunity to show cause why the appeal should not be dismissed for lack of an appealable judgment.

Father filed a response citing *In re Campbell*, 323 Mo. 757, 19 S.W.2d 752, 753–54 (banc 1929), for the proposition that an order like the one appealed from here is appealable. However, Father did not address the failure of the juvenile court's order to meet the requirements of Rule 74.01(a).

Mother filed no response to this court's order.

Section 211.261.1 confers appealability on orders like the one appealed from here. However, that does not end the inquiry.

A prerequisite to appellate review is that there be a final judgment. *Committee for Educational Equality v. State*, 878 S.W.2d 446, 450[3] (Mo. banc 1994). An appellate court must, *sua sponte*, determine its jurisdiction of an appeal. *Id.* at [1]. If the trial court's judgment is not final, the appellate court lacks jurisdiction and must dismiss the appeal. *Gibson v. Brewer*, 952 S.W.2d 239, 244[3] (Mo. banc 1997). Consequently, the question confronting this court is whether Rule 74.01(a) requires, as a prerequisite for finality (and hence appealability), that the order appealed from here be denominated a "judgment" or "decree" and be signed by the judge.

In *City of St. Louis v. Hughes*, 950 S.W.2d 850, 853 (Mo. banc 1997), the court explained that Rule 74.01(a) does not expand or shrink the right to appeal; it merely establishes a "bright line" test to determine when a final judgment is entered.

A putative judgment that is not signed by the judge[3] is not a final judgment within the meaning of Rule 74.01(a) and is

---

1. Section 211.021(3), RSMo 1994, provides that the term "juvenile court" means the juvenile division of the circuit court. References to statutes in this opinion are to RSMo 1994.

2. Rule 74.01(a), Missouri Rules of Civil Procedure (1998), as amended effective July 1, 1998, reads:
   " 'Judgment' as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated 'judgment' or 'decree' is filed. A judgment may be a separate document or included in the docket sheet of the case."

3. Father's brief and Mother's brief identify a docket entry as the judgment appealed from in the instant case. At the end of the entry are the *typewritten* initials "TEM" (inferably those of the judge of the juvenile court). Had those initials been handwritten by the judge, they would have satisfied the "signed by the judge" requirement of Rule 74.01(a). *Kessinger v. Kessinger*, 935 S.W.2d 347, 349[1] (Mo.App. S.D.1996).

thus unappealable. *Lowery v. Air Support International, Inc.,* 971 S.W.2d 323, 324 (Mo. App. S.D.1998); *In re Marriage of Hoy,* 961 S.W.2d 128, 128–29 (Mo.App. S.D.1998). Accordingly, if Rule 74.01(a) applies to adjudications of a juvenile court like the order appealed from here, the order is not final and, *a fortiori,* unappealable.

Rule 110.04, Missouri Rules of Practice and Procedure in Juvenile Court (1998), was in force when the juvenile court entered the order appealed from here.[4]  It read:

> "If no procedure is specifically provided in these Rules, the juvenile court shall be governed by the practice and procedure customary in proceedings in equity, and by Rules 41 through 101 to the extent not inconsistent therewith."

In 1986, the Supreme Court of Missouri declared that the Rules of Civil Procedure generally apply to juvenile proceedings. *In the Interest of D.J.B.,* 704 S.W.2d 217, 218 (Mo. banc 1986).  The Supreme Court held that Rules 81.04 and 81.05(a), which govern the time for filing a notice of appeal in a civil case, apply to a judgment of a juvenile court terminating parental rights. *Id.* at 217–18.

■ This court infers from *D.J.B.* that the Supreme Court would hold Rule 74.01(a) applies to adjudications of a juvenile court like the one appealed from here.  Because the order appealed from is not signed by the judge as required by Rule 74.01(a), this court holds the order is not final, and thus unappealable.  Having decided that, this court need not consider the effect of the juvenile court's failure to denominate the order a "judgment" or "decree."

Appeal dismissed.

PREWITT, P.J., and PARRISH, J., concur.

---

**4.** A new version of Rule 110.04 took effect January 1, 1999.  It is similar to, though not identical with, the old version.