**JON E. FUHRER COMPANY, Appellant,**

v.

**Derek J. GERHARDT, Respondent.**

No. 71692.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 21, 1997.

David M. Hocking, Henry Law Firm, P.C., Clayton, for appellant.

Derek J. Gerhardt, Imperial, party acting pro se.

GARY M. GAERTNER, Judge.

Appellant, Jon E. Fuhrer Company ("Company"), appeals the October 28, 1996 order entered by the Circuit Court of St. Louis County, setting aside the January 25, 1996 judgment which granted Company summary judgment against respondent, Derek J. Gerhardt ("defendant"). We dismiss the appeal.

On November 18, 1994, Company loaned defendant $22,000 at the rate of 20% per annum after maturity. The loan was evidenced by a promissory note and a Deed of Trust on property defendant owned in Franklin County. The note matured on February 18, 1995.

Defendant failed to pay the note when it matured. Company agreed to two extensions; however, defendant continued to be in default. Company notified the Trustee under the Deed of Trust to commence foreclosure proceedings against the property. When the property was foreclosed upon, Company purchased it for $12,500. The remaining balance on the promissory note was $15,259. Company made a demand for payment of the deficiency which was refused.

Being unable to collect the deficiency, Company filed a petition against defendant for breach of the promissory note. Defendant filed an answer in which he raised affirmative defenses as well as a counterclaim for restoration of title, breach of contract, and slander of credit. Company served requests for admissions upon defendant. In his response to the requests for admissions, defen-

dant admitted execution of the promissory note and failure to pay said note.

Company filed a motion for summary judgment to which it attached the promissory note and defendant's responses to Company's requests for admissions. The motion was set for a hearing on January 25, 1996. On December 14, 1995, defendant's attorney sent defendant a copy of the motion for summary judgment along with a letter advising defendant he would withdraw unless defendant brought his account current. He further advised defendant that if he withdrew, defendant would need to appear at the January 25, 1996 hearing. Defendant's attorney was granted leave to withdraw. Thereafter, Company's motion for summary judgment was heard as scheduled. Defendant did not appear. On January 25, 1996, the trial court entered an order and judgment in favor of Company on both the petition for breach of promissory note and defendant's counterclaim. Company was awarded $15,239 plus interest, costs and attorneys fees.

On May 30, 1996, defendant's new counsel filed a motion to set aside the January 25, 1996 "default judgment" contending defendant was unrepresented at the time of the judgment so he had no opportunity to raise defenses which were meritorious. Defendant thereafter filed a motion requesting the trial court treat his motion to set aside as a motion pursuant to Rule 74.03 or 74.06. In support of this request, defendant offered his affidavit in which he stated it was his understanding that in the event his former attorney withdrew on or before January 25, 1996, he would obtain a continuation to allow defendant to engage other counsel.

On October 28, 1996, the trial court entered an order sustaining defendant's motion to treat his motion to set aside as a Rule 74 motion and setting aside its January 25, 1996 order and judgment on the basis that there was "excusable neglect" on the part of defendant. Company filed a motion for reconsideration. On November 26, 1996, the trial court entered an order denying Company's motion for reconsideration and stating that its order of October 28, 1996, should be deemed a "final order for purposes of appeal."

As an initial matter, this Court must determine whether it has jurisdiction to entertain this appeal. *Skaggs v. Skaggs,* 938 S.W.2d 302 (Mo.App. E.D.1997). To invoke this Court's jurisdiction, parties must appeal a written decree or order which has been signed by the trial judge and denominated a "judgment." Rule.74.01(a); *City of St. Louis v. Hughes,* No. 79514, 950 S.W.2d 850, 853 (Mo.banc 1997); *Chambers v. Easter Fence Co., Inc.,* 943 S.W.2d 863, 865 (Mo.App. E.D. 1997). Such designation may appear at the top of the document, in the body of the writing, or in the form of a docket entry. *Hughes,* 950 S.W.2d at 853. Rule 74.01(a) does not provide an exception applicable in this instance. A trial court's denomination of its order as "final and appealable" does not, without further denominating it as a "judgment," make it so. *Gillespie v. Gillespie,* 634 S.W.2d 493, 494 (Mo.App. E.D.1982).

The record before us fails to show the October 28, 1996 order entered by the trial court was denominated a "judgment" for purposes of appeal. Neither does the trial court's docket sheet for October 28, 1996, reflect a "judgment" was entered on that date. The trial court's subsequent order stating its October 28, 1996 order was "a final order for purposes of appeal" did not make it so. *See Gillespie,* 634 S.W.2d at 494. As a result, we do not have before us a final judgment and consequently lack jurisdiction to entertain this appeal.

Based upon the foregoing, the appeal is dismissed.

GRIMM, P.J., and PUDLOWSKI, J., concur.