Anthony DANIELE and Beth Daniele,
Appellants/Cross–Respondents,

v.

COLLECTOR OF REVENUE OF THE
CITY OF ST. LOUIS, Respondent,

Stanley Gardocki and Gloria Gardocki,
Respondents/Cross–Appellants.

No. ED 77388.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 31, 2000.

Bruce Nangle, Barbara Nangle, St. Louis, for Appellants/Cross–Respondents.

Stanley and Gloria Gardocki, William L. Sauerwein & Associates, P.C., St. Louis, Respondents/Cross–Appellants.

Anthony J. Sestric, The Sestric Law Firm, Collector of Revenue, City of St. Louis, for Respondent.

GARY M. GAERTNER, Presiding Judge.

Appellants/Cross–Respondents, Anthony Daniele and Beth Daniele, ("appellants"),

appeal from the memorandum and order filed by the Circuit Court of the City of St. Louis granting respondents', Stanley Gardocki and Gloria Gardocki, ("respondents"), motion to set aside sheriff's sale and relief from judgment in land tax foreclosure. Respondents appeal from the trial court's memorandum and order ordering them to pay appellants' attorneys' fees and appraisal expenses. We dismiss.[1]

On December 11, 1997, respondents purchased a track of land located partially in the City of St. Louis and partially in St. Louis County. On November 6, 1998, the trial court entered an order, judgment and decree of foreclosure on some parts of the track of land owned by the respondents, which was located in the City of St. Louis. On August 10, 1999, a sheriff's foreclosure sale was conducted. Appellants purchased the foreclosed track of land for $2,538.00, which was sufficient to discharge the outstanding tax lien on the property.

Appellants filed a motion to the trial court to approve and confirm their purchase of the property. On October 6, 1999, respondents filed their motion to set aside sheriff's sale and relief from judgment in land tax foreclosure. A hearing was held on October 15, 1999. On November 29, 1999, the trial court, in its docket sheet entry stated respondents' motion to set aside the judgment is granted "per draft of order and judgment filed." However, the trial court filed only a "memorandum and order" granting respondents' motion to set aside the judgment of foreclosure and sheriff's sale. Additionally, in the memorandum and order, the trial court ordered respondents to pay the Collector of Revenue all real estate taxes, plus penalties and interest and to pay appellants' appraisal expenses and attorneys' fees.

On December 23, 1999, appellants filed a motion for new trial and also requested an order of the court denominating its order of November 29, 1999, as a judgment in conformity with Supreme Court rules. On January 13, 2000, the trial court denied appellants' motion for new trial. Additionally, the trial court, in its order denying the motion for new trial, stated: "[i]n the Court's view, its order setting aside a judgment under Rule 74.06 is appealable, without being designated as a judgment, and, indeed, an order setting aside a judgment cannot itself be a judgment." Appellants and respondents appeal.

As an initial matter, we must determine whether we have jurisdiction to entertain this appeal. *Jon E. Fuhrer Co. v. Gerhardt*, 955 S.W.2d 212, 213 (Mo.App. E.D.1997). "To invoke this Court's jurisdiction, parties must appeal a written decree or order which has been signed by the trial judge and denominated a 'judgment .' " *Id.* See also Rule.74.01(a); *City of St. Louis v. Hughes*, 950 S.W.2d 850, 853 (Mo.banc 1997). "Such designation may appear at the top of the document, in the body of the writing, or in the form of a docket entry." *Jon E. Fuhrer Co. v. Gerhardt*, 955 S.W.2d at 213.

In the case at bar, the parties appeal from the November 29, 1999, memorandum and order that was filed by the trial court. Our review of the record reveals the memorandum and order filed was not denominated a "judgment" as indicated by the trial court in its docket entry. Moreover, the trial court's subsequent order denying appellants' motion for new trial clearly states the memorandum and order filed was not a judgment. The trial judge erroneously concluded the order is appealable. The trial judge's conclusion is not supported by existing case law; in fact, his conclusion is contrary to Supreme Court Rule 74.01. We conclude, we do not have a "judgment" before us on appeal to review; thus, we lack jurisdiction to entertain this appeal.

---

1. Respondents' motion to dismiss appellants' brief, pursuant to Rule 84.04(a) and (d), is rendered moot because the appeal is dismissed.

Based on the foregoing, we dismiss the appeals for lack of jurisdiction.

CRAHAN, J. and DRAPER, J., concur.