STATE of Missouri ex rel. HERITAGE VALLEY FARM, INC., Relator,

v.

The Honorable W. Stephen NIXON, Respondent.

No. WD 60542.

Missouri Court of Appeals, Western District.

June 28, 2002.

Ronald G. Byers and Daniel T. Jeffers, Independence, for Relator.

William H. Reynolds, Kansas City, for Respondent.

Before: SMITH, P.J., and ULRICH and HARDWICK, JJ.

EDWIN H. SMITH, Presiding Judge.

This is an original proceeding in prohibition wherein the relator, Heritage Valley Farm, Inc., seeks to prohibit the respondent, the Honorable W. Stephen Nixon, Circuit Judge of the Sixteenth Judicial Circuit, from conducting a trial *de novo* in the consolidated cases of *Heritage Valley Farm, Inc., Donald A. Beebe and Patricia J. Beebe v. Stobaugh*, CV95–17357, and *Stobaugh v. Heritage Valley Farm, Inc.*, CV98–24848. This court issued its preliminary writ of prohibition on November 6, 2001, prohibiting the respondent from taking any further action in the underlying civil cases, except to dismiss the applications for trial *de novo* filed therein.

The relator claims that the respondent lacks jurisdiction to conduct a trial *de novo* in the underlying consolidated civil cases because it is not authorized by § 512.180,[1] which governs a party's right to appeal a judgment in a civil case tried without a jury before an associate circuit judge.

Our preliminary writ in prohibition is made permanent.

**Facts**

The underlying civil cases at issue here stem from a property boundary line dispute between the owners of two adjacent properties in Independence, Missouri. Relator, a Missouri corporation, owns one of the properties. Living on that property are the president and secretary of the corporation, Donald and Patricia Beebe. Charles Stobaugh owns the adjacent property. The subject properties were former-

ly owned by Otho and Emma Clark, who constructed a detached two-car garage and driveway on what is now the boundary line between the relator's property and the Stobaugh property. Approximately one-half of the garage and driveway are located on the relator's property, and the other half of the garage and driveway are located on Stobaugh's.

The Beebes rented relator's half of the property from the Clarks from 1969 until 1974, when the property was purchased from the Clarks. Stobaugh purchased his half of the Clarks' property in 1993. A dispute arose between the parties sometime in 1994 over access to the shared garage and driveway, which led the relator and the Beebes, in their individual capacities, on August 18, 1995, to file a "Petition for Restraining Order, Temporary and Permanent Injunction, and Damages" against Stobaugh in Division 106 of the Circuit Court of Jackson County, Case No. CV95–17357. In their petition the relator and the Beebes alleged that Stobaugh began parking his vehicles in the driveway or in front of the garage in a way that blocked the Beebes' access to their half of the garage and the driveway; that Stobaugh had damaged parts of the garage, causing the Beebes to expend $200 to repair the damage; and that Stobaugh intended to build a wall, which would have the effect of depriving them permanently of access to the garage. The petition contained the following prayer for relief:

WHEREFORE, petitioners pray for an Order of the Court, temporarily and permanently enjoining and restraining respondent from erecting a wall or obstruction across the driveway and/or garage heretofore used by petitioners as aforesaid; for an Order requiring respondent to remove any wall or obstruction denying petitioners the use of their

1. All statutory references are to RSMo 2000,     unless otherwise indicated.

garage and driveway; for a temporary Order and Permanent Order of Injunction enjoining respondent from parking his vehicles across the said joint driveway or in front of petitioner's [sic] said garage, or otherwise blocking or obstructing petitioners [sic] free and unrestricted access and use of said driveway and garage building; an injunction permanently enjoining respondent from entering or damaging petitioner's [sic] garage building, for damages inflicted by respondent to petitioner's [sic] garage building; for the costs of this action to be assessed to respondent, and for such and other Orders as to the Court are just and proper in the premises.

On January 22, 1996, the petition was heard by the Honorable Vincent E. Baker, an associate circuit judge in the Sixteenth Judicial Circuit. On January 30, 1996, Judge Baker entered a permanent injunction enjoining Stobaugh from interfering with or depriving the relator and the Beebes' use of their side of the garage and driveway.

On July 1, 1998, the relator and the Beebes filed a "Motion for Contempt," alleging that Stobaugh had violated the permanent injunction. On August 28, 1998, Stobaugh filed a motion to dissolve the injunction or in the alternative to modify it. On October 2, 1998, Stobaugh filed a two-count petition against the relator in Division 32 of the Circuit Court of Jackson County, Case No. CV98–24848, with Count I seeking to quiet title to the disputed property and Count II seeking an easement by prescription and injunctive relief. Upon joint motion of the parties, the cases and all pending matters therein were consolidated for trial before the Honorable Twila K. Rigby, an associate circuit judge.

On April 16, 1999, the parties entered into a settlement agreement on the record before Judge Rigby. On September 21, 2000, pursuant to the settlement agreement of the parties, which was expressly approved, Judge Rigby entered a judgment disposing of all issues then pending in the underlying civil suits between the parties in Case Nos. CV95–17357 and CV98–24848. With respect to Case No. CV95–17357, the court "vacated" its permanent injunction and dismissed with prejudice the various pending motions of the parties. With respect to Case No. CV98–24848, the court, as to Count I, quieted title to the disputed property, setting a boundary line between the parties' properties and establishing the respective rights of the parties to use the shared garage and driveway; and dismissed with prejudice as to Count II, in which Stobaugh sought a prescriptive easement.

On October 2 and 4, 2000, Stobaugh, pursuant to § 512.180, filed applications for trials de novo in the Circuit Court of Jackson County in Case Nos. CV95–17357 and CV98–24848, respectively. On December 6, 2000, the relator and the Beebes filed motions to dismiss Stobaugh's applications, asserting that the circuit court lacked jurisdiction to hear either case under § 512.180. On April 5, 2001, the respondent ordered the cases consolidated for trial before him in Division 5. On that same date, the respondent entered an "order" indicating an "intention to enter [an] order" overruling the relator's and the Beebes' motions to dismiss for a lack of jurisdiction, "unless prohibited from doing so by Writ of Prohibition."

On October 17, 2001, the relator filed a petition for writ of prohibition with this court, asking us to issue a writ of prohibition "commanding Respondent to dismiss the consolidated action and to refrain from proceeding further therein." On November 6, 2001, this court entered its preliminary order in prohibition, prohibiting the

respondent from taking any further action in the underlying civil cases.

## I.

■ The relator claims that the respondent lacks jurisdiction to conduct a trial *de novo* in the underlying consolidated civil cases because *de novo* review is not authorized by § 512.180, which governs a party's right to appeal a judgment in a civil case tried without a jury before an associate circuit judge. Specifically, the relator claims that § 512.180.1 only permits a trial *de novo* in cases where the petition claims damages not to exceed three thousand dollars and that the petitions in the underlying civil cases made no such claims, denying the respondent *de novo* jurisdiction under § 512.180.1. In support of its contention that the petitions did not contain the requisite allegations to confer the respondent with *de novo* jurisdiction in the underlying civil cases, the relator points to the fact that the petitions primarily sought equitable relief and that any reference to damages failed to allege damages not exceeding three thousand dollars. While the respondent concedes that his *de novo* jurisdiction is governed by § 512.180, he contends that the petitions in question contained sufficient allegations to invoke it.

■ Section 512.180, governing appeals from judgments in civil cases tried without a jury before an associate circuit judge, such as the underlying civil cases, reads:

1. *Any person aggrieved by a judgment* in a civil case tried without a jury before an associate circuit judge, other than an associate circuit judge sitting in the probate division or who has been assigned to hear the case on the record under procedures applicable before circuit judges, shall have the right of a trial de novo in all cases where the petition claims damages not to exceed three thousand dollars.

2. In all other contested civil cases tried with or without a jury before an associate circuit judge or on assignment under such procedures applicable before circuit judges or in any misdemeanor case or county ordinance violation case a record shall be kept, and any person aggrieved by a judgment rendered in any such case may have an appeal upon that record to the appropriate appellate court. At the discretion of the judge, but in compliance with the rules of the supreme court, the record may be a stenographic record or one made by the utilization of electronic, magnetic, or mechanical sound or video recording devices.

(Emphasis added.) Given the express language of § 512.180.1, a party's right to a trial *de novo* is predicated on the party's being aggrieved by the judgment of which the party seeks *de novo* review. In that regard, it is well settled that a party is not aggrieved by a judgment entered pursuant to a stipulation or agreement of the parties to the lawsuit. *Segar v. Segar*, 50 S.W.3d 844, 847 (Mo.App.2001).

Here, the written judgment of the trial court, entered in the underlying civil cases on September 21, 2000, and expressly disposing of all the matters pending therein, reads, in pertinent part: "The Court, having received and reviewed the terms of the parties' settlement submitted on the record in open Court on April 16, 1999, finds that the settlement is a fair and equitable resolution of the matters in dispute." Because Judge Rigby's judgment was entered pursuant to the settlement agreement of the parties, Stobaugh was not an aggrieved party as to the judgment disposing of the underlying civil cases for which he seeks *de novo* review in the circuit court such that the respondent lacks *de novo* jurisdiction, under § 512.180.1, in those cases.

Prohibition will lie "'to remedy a clear excess of jurisdiction or abuse of discretion such that the lower court lacks the power to act as contemplated.'" *State ex rel. Robinson v. Franklin,* 48 S.W.3d 64, 67 (Mo.App.2001) (*quoting Ferrellgas, L.P. v. Williamson,* 24 S.W.3d 171, 175 (Mo.App.2000)). Thus, having found that the respondent lacks jurisdiction to grant *de novo* review under § 512.180.1, as claimed by the relator, we make permanent our preliminary writ of prohibition, entered on November 6, 2000, prohibiting the respondent from hearing the consolidated underlying civil cases *de novo.*

ULRICH and HARDWICK, JJ., concur.