John C. LOGAN, III and Christina M. Logan, Plaintiffs–Appellants,

v.

SHO–ME POWER ELECTRIC COOP-ERATIVE, Ron Marlin, Irby Con-struction Company, and Gary Gor-man, Defendants–Respondents.

No. 24847.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 28, 2002.

Roger G. Brown, Roger G. Brown and Associates, Jefferson City, for Appellants.

Michael P. Mergen, Hall Ansley, Rodgers & Condry, P.C., Springfield, for Respondents Sho–Me Power Electric Coop and Ron Marlin.

Debbie S. Champion, Rynearson, Suess, Schnurbusch & Champion, L.L.C., St. Louis, for Respondents Irby Construction Company and Gary Gorman.

KENNETH W. SHRUM, Judge.

John and Christina Logan ("Plaintiffs") sued several defendants for the wrongful death of their son who died as a result of an on-the-job accident. The named defendants included the son's employer, Irby Construction Company ("Irby"); Irby's job superintendent, Gary Gorman ("Gorman"); Sho–Me Power Electric Cooperative ("Sho–Me"), which had contracted for Irby to work on its high-power electric lines; and Ron Marlin ("Marlin"), Sho–Me's engineer on this project.

A September 24, 2001, docket entry—which bears neither the trial judge's signature nor her initials—reads:

"The court hereby vacates its judgment entered on September 6, 2001, because all parties and claims were not included in said judgment and all parties consent and request the court's action. Therefore judgment is entered as follows this date. Effective this date, the orders granting summary judgment in favor of defendants Sho–Me Power and Ron Marlin, and the orders dismissing Plaintiffs' claims against defendants Irby Construction Company and Gary Gorman are to be deemed final for purposes of appeal as there is no just reason for delay, pursuant to Rule 74.01(b)[.]"

On February 19, 2002, sans caption and signature, the trial court signed and filed the following:

#### "DOCKET ENTRY"

"Effective this date, the Orders granting Summary Judgment in favor of defendants [Sho–Me and Marlin] and the Orders dismissing plaintiffs' claims against defendants [Irby and Gorman] are to be deemed final for purposes of appeal as there is no just reason for delay pursuant to Rule 74.01(b)."

Plaintiffs assert to this court that they are "appealing from a final judgment entered ... on February 19, 2002" and argue that the trial court committed reversible error in (1) "granting summary judgment in favor of Sho–Me ... [and] Ron Marlin and against Plaintiffs[,]" and (2) "dismissing Plaintiffs' claims against Gary Gorman ... [and] Irby Construction." We dismiss Plaintiffs' appeal for want of a final judgment.

The right of appeal in a civil case, such as this, is found in § 512.020 as follows:

"Any party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, may take his appeal to a court having

appellate jurisdiction from … any final judgment in the case …."[1]

Unless one of the exceptions set out in § 512.020 attends, " '[a] prerequisite to appellate review is that there be a final judgment.' " *Boley v. Knowles*, 905 S.W.2d 86, 88 (Mo.banc 1995) (citation omitted). When a trial court's order is not a "final judgment," an appellate court is without jurisdiction to review the case, and the appeal must be dismissed. *City of St. Louis v. Hughes*, 950 S.W.2d 850, 852–53 (Mo.banc 1997). An appellate court must always consider, *sua sponte* if necessary, its jurisdiction, i.e., whether the appeal presented is from a final judgment. *Boley*, 905 S.W.2d at 88.

The legislature defined a "judgment" as "the final determination of the right of the parties in an action[,]" § 511.020, and in 1995, the Supreme Court of Missouri amended Rule 74.01(a) for the avowed purpose of clarifying "when a pronouncement or judgment was a final judgment for purposes of appeal."[2] *Hughes*, 950 S.W.2d at 853. Specifically, the relevant part of Rule 74.01(a) provides:

> " 'Judgment' as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated 'judgment' or 'decree' is filed. The judgment may be a separate document or entry on the docket sheet of the case. A docket sheet entry complying with these re-

quirements is a judgment unless the docket sheet entry indicates that the court will enter the judgment in a separate document. The separate document shall be the judgment when entered."

■ The Rule 74.01(a) mandate that a trial court "denominate" its final ruling as a "judgment" was not intended to be a mere formality, but as establishing a " 'bright line' test as to when a writing is a judgment." *Hughes*, 950 S.W.2d at 853[2]. The designation "judgment" may appear at the top of the document, in the body of the writing, or in the form of a docket entry depending upon the text. *Id.* at 853[4]. However, "a trial court's denomination of its order as 'final and appealable' does not, without further denominating it as a 'judgment,' make it so." *Jon E. Fuhrer Co. v. Gerhardt*, 955 S.W.2d 212, 213[1] (Mo.App. 1997).

■ Here, we have no writing in the record which would satisfy the requirements of Rule 74.01(a).[3] The September 24, 2001, docket entry is neither signed nor initialed by the judge; consequently, this cannot satisfy the requirements of Rule 74.01(a), although it is denominated a judgment. *In the Interest of Prough*, 8 S.W.3d 186, 187 (Mo.App.1999); *In re J.W.P.*, 986 S.W.2d 198, 200 (Mo.App.1999). The February 19, 2002, docket entry was signed by the trial judge, but was not denominated a judgment; therefore, this writing is not a judgment as contemplated by Rule 74.01(a).[4] *Prough*, 8 S.W.3d at 187; *Gerhardt*, 955 S.W.2d at 213. Although this

---

**1.** All statutory references are RSMo (2000), unless stated otherwise.

**2.** All rule references are to Supreme Court Rules (2002), unless otherwise indicated.

**3.** It is also doubtful whether the writings contained in the record finally adjudicate the rights of the parties in this action. § 511.020.

**4.** Although the term "summary judgment" was used within the body of the docket entry, the use of this term referred to a separate document which did not qualify as a judgment. Under the circumstances, usage of the term in the docket entry cannot be construed as denominating the docket entry as a judgment. *See Gerhardt*, 955 S.W.2d at 213; *Hughes*, 950 S.W.2d at 853.

"docket entry" purported to finalize this multiple-party case for purposes of appeal per Rule 74.01(b), this fact, without denominating it as a "judgment," does not make it a final judgment.[5] *Gerhardt,* 955 S.W.2d at 213.

Because the circuit court's order was not a judgment under Rule 74.01(a), we lack jurisdiction and dismiss Plaintiffs' appeal.

PARRISH, J., and RAHMEYER, C.J., concur.

---

**5.** Rule 74.01(b) provides, in part, that "[w]hen more than one claim for relief is presented in an action ... or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay."