# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

————————

No. 04-2514

————————

George Brown,                                          *
                                                      *
                  Appellant,                          *
                                                      *   Appeal from the United States
         v.                                           *   District Court for the
                                                      *   Western District of Missouri.
Brenda Umstattd, Court Clerk;                         *
Deborah Chesire, Court Clerk,                         *        [UNPUBLISHED]
                                                      *
                  Appellees.                          *

————————

Submitted:  January 28, 2005
Filed:  February 3, 2005

————————

Before MELLOY, McMILLIAN, and GRUENDER, Circuit Judges.

————————

PER CURIAM.

George Brown appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 suit alleging defendant court clerks' actions blocked his appeal in his state-court case. After viewing the record in a light most favorable to Brown, see Kincaid v. City of Omaha, 378 F.3d 799, 803-04 (8th Cir. 2004) (standard

———————————————

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri.

of review), we conclude the district court correctly determined he failed to state a claim based on equal protection, due process, or access to the courts.  Brown did not show he was treated differently from others who were similarly situated. <u>See</u> <u>Johnson v. City of Minneapolis</u>, 152 F.3d 859, 862 (8th Cir. 1998), <u>cert. denied</u>, 525 U.S. 1142 (1999).  Further, the record before us indicates that Brown had not lost his right to appeal the dismissal of his state-court petition, as a final appealable judgment had not been entered.  <u>See</u> Mo. R. Civ. P. 74.01(a) (judgment is entered when writing signed by judge and denominated "judgment" or "decree" is filed), 74.06 (a) (clerical mistakes in judgments or orders may be corrected by court at any time by motion of either party); <u>Logan v. Sho-Me Power Elect. Coop.</u>, 83 S.W.3d 109, 111-12 (Mo. App. 2002) (where September docket entry was not signed or initialed by judge, and February docket entry was not denominated "judgment," neither resulted in final judgment under Rule 74.01).

Accordingly, we affirm.  <u>See</u> 8th Cir. R. 47B.

_____