Stuart GUY and Cynthia Guy, Plaintiff/Respondents,

v.

Jeffrey THOMAS, et al., Defendants,

and

Robin Thomas, Defendant/Appellant.

No. ED 84816.

Missouri Court of Appeals, Eastern District, Division Five.

Feb. 22, 2005.

Thomas G. Berndsen, St. Louis, MO, for Appellant.

Jason M. Rugo, Roger W. Pecha, St. Louis, MO, for Respondent.

GEORGE W. DRAPER III, Chief Judge.

Robin Thomas (Appellant) appeals from an order denying her motion to vacate judgment under Rule 74.06(c). We dismiss the appeal.

Stuart and Cynthia Guy (Respondents) filed a petition against multiple defendants, including Jeffrey Thomas and his wife Appellant. Jeffrey Thomas was involved in the home construction business. In their petition, Respondents alleged fraud, fraudulent concealment, breach of contract, recision of contract, conversion, and breach of fiduciary duty against Jeffrey Thomas. They further alleged a civil conspiracy against all defendants, including Appellant, and sought an accounting and creation of a constructive trust. On October 20, 2003, the trial court entered a

judgment against the defendants, including Appellant, jointly and severally for approximately 1.9 million dollars. On May 17, 2004, Appellant filed a motion to vacate the October 2003 judgment, contending that she was not present at the trial nor was she represented by counsel. Appellant said she was not involved in the litigation, which alleged fraud by her husband in his construction business. She further alleged that she was separated from her husband in May of 2003 and she was unaware she was even a named defendant in the litigation. On June 23, 2004, the trial court entered an order denying her motion to vacate the judgment. Appellant appealed to this Court.

As an initial matter, this Court must determine whether it has jurisdiction to entertain this appeal. If we lack jurisdiction, we should dismiss the appeal. *Bryant v. City of University City,* 105 S.W.3d 855, 856 (Mo.App. E.D.2003). "To invoke this Court's jurisdiction, parties must appeal a written decree or order which has been signed by the trial judge and denominated a 'judgment.'" *Jon E. Fuhrer Co. v. Gerhardt,* 955 S.W.2d 212, 213 (Mo.App. E.D.1997); Rule 74.01(a). In designating the writing a "judgment," it must be clear from the writing that the trial court is calling the document or docket sheet entry a judgment. *City of St. Louis v. Hughes,* 950 S.W.2d 850, 853 (Mo. banc 1997).

Here, the order denying Appellant's motion to vacate is not denominated a "judgment." We issued an order directing Appellant to show cause why her appeal should not be dismissed and providing Appellant an opportunity to ask the circuit court to enter a judgment that complied with Rule 74.01(a). Appellant has failed to respond to our order and has not filed a judgment complying with Rule 74.01(a). The order denying Appellant's motion to vacate must be denominated a judgment or this Court lacks jurisdiction. *Brooks v. Brooks,* 98 S.W.3d 530, 532 (Mo. banc 2003); *Popular Leasing USA, Inc. v. Universal Art Corp. of New York,* 57 S.W.3d 875, 878 (Mo.App. E.D.2001); *Daniele v. Collector of Revenue of City of St. Louis,* 30 S.W.3d 247, 248 (Mo.App. E.D.2000).

We dismiss the appeal without prejudice for lack of a final, appealable judgment.

LAWRENCE G. CRAHAN and GLENN A NORTON, JJ., concur.