Lonnie SNELLING, Appellant,

v.

MICHELIN NORTH AMERICA, INC., General Motors Corporation, and Lou Fusz Motors Company, St. Louis County, Respondents.

No. ED 88329.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 30, 2007.

Lonnie Snelling, St. Louis, MO, pro se.

Lisa Keesling, Molly M. Jones, Heidi K. Durr, C.T. Corporation System, St. Louis, MO, George W. Reinbold IV, Springfield, MO, for respondent.

GEORGE W. DRAPER III, P.J.

Lonnie Snelling (hereinafter, "Snelling") appeals *pro se* from the circuit court's order, denying his Rule 74.06(b)(4) motion. We dismiss this appeal.[1]

Snelling filed a petition in 1997 against Michelin North American, Inc., General Motors Corporation, Lou Fusz Motors Company, and Taylor Auto Salvage (hereinafter and collectively, "Defendants"). In November 1997 and February 1998, the trial court entered two orders dismissing Snelling's petition, in part with prejudice and in part without prejudice. Snelling attempted to appeal from both orders, but this Court dismissed his appeal because neither order was denominated a judgment; thus, there was no final, appealable judgment.

In 2006, Snelling filed a motion to place the cause of action on the active docket because no final judgment had been entered and the case was open still. Snelling also filed a Rule 74.06(b)(4) motion, alleging the November 18, 1997 order was void

1. Snelling's motions taken with the case to strike Michelin North American, Inc. and Lou Fusz Motors Company's briefs for failure to comply with Rule 84.04(c) are denied.

in that he voluntarily dismissed his claims against Defendants without prejudice. On May 10, 2006, the trial court entered another order denying Snelling's motion to place the cause on the active docket, his Rule 74.06(b)(4) motion, and a motion to strike Lou Fusz Motors Company's exhibits. Snelling appeals to this Court.

 It is obligatory for this Court to determine its jurisdiction *sua sponte*. *South County Orthopedics & Sports Medicine, Inc. v. Pona*, 149 S.W.3d 545, 546 (Mo.App. E.D.2004). If this Court lacks jurisdiction, we must dismiss the appeal. *Guy v. Thomas*, 157 S.W.3d 328, 329 (Mo. App. E.D.2005). "To invoke this Court's jurisdiction, parties must appeal a written decree or order which has been signed by the trial judge and denominated a 'judgment.'" *Jon E. Fuhrer Co. v. Gerhardt*, 955 S.W.2d 212, 213 (Mo.App. E.D.1997); Rule 74.01(a).

In this case, there is an "Order and Final Judgment" in the supplemental legal file signed by the trial court judge on September 5, 2006. While this document is denominated a judgment as required by Rule 74.01(a), it does not address Snelling's Rule 74.06(b) motion. As a result, there is no final, appealable judgment for Snelling's appeal of his Rule 74.06(b) motion. *City of St. Louis v. Hughes*, 950 S.W.2d 850, 853 (Mo. banc 1997).

This Court issued an order directing Snelling to file a memorandum addressing this jurisdictional issue. Snelling filed a response to our order, conceding the trial court order was not denominated a judgment as required by Rule 74.01(a).

"The requirement that a trial court must 'denominate' its final ruling as a 'judgment' is not a mere formality. It establishes a 'bright line' test as to when a writing is a judgment." *Hughes*, 950 S.W.2d at 853. The order from which Snelling seeks appeal must be denominated a judgment or this Court lacks jurisdiction. *Brooks v. Brooks*, 98 S.W.3d 530, 532 (Mo. banc 2003).

We dismiss the appeal for lack of a final, appealable judgment.

GARY M. GAERTNER, SR., J., and ROBERT G. DOWD, JR., J., concur.