Steven A. SREDL, Appellant,

v.

MISSOURI DEPARTMENT OF CORRECTIONS, Respondent.

No. WD 67192.

Missouri Court of Appeals, Western District.

May 22, 2007.

Steven A. Sredl, Tipton, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City Shaun Mackelprang and Stephen D. Hawke, Office of Attorney General, Jefferson City, for Respondent.

Before VICTOR C. HOWARD, Chief Judge, HAROLD L. LOWENSTEIN, Judge, and PAUL M. SPINDEN, Judge.

PAUL M. SPINDEN, Judge.

Steven A. Sredl filed a motion pursuant to Rule 74.06 for relief from a judgment in which he asserted that the Department of Corrections could not count his second incarceration for a 120–day treatment program as a commitment in calculating his mandatory minimum prison term. The circuit court wrote a letter to Sredl, advising him that it had entered its final judgment on December 27, 2005,[1] and that the

---

1. Sredl appealed from this judgment on January 19, 2006, and this court affirmed the circuit court's judgment on December 12, 2006. *Sredl v. Mo. Dept. of Corr.,* 209 S.W.3d 31 (Mo.App.2006). In that case, this court affirmed the circuit court's judgment that Sredl's first incarceration for a 120–day treatment program in 1993 should not count as a commitment under Section 559.115.7, RSMo Supp.2001. Section 559.115.7 says: "An offender's first incarceration for one hundred twenty days for participation in a department of corrections program prior to release on probation shall not be considered a previous prison commitment for the purpose of determining a minimum prison term under the provisions of section 558.019, RSMo." Sredl did not assert in his petition for declaratory judgment or in his appeal that his second incarceration for a 120–day treatment program could not be counted as a commitment in calculating his mandatory minimum prison term.

court no longer had jurisdiction to take up his motion. Sredl attempts to appeal from this letter. He contends that, because he timely filed his motion pursuant to Rule 74.06(c), the circuit court erred in ruling that it lacked jurisdiction to entertain his motion. We dismiss his appeal.

Unless a party appeals a written decree or order denominated by the circuit court as a judgment, this court does not have jurisdiction. Rule 74.01(a); *Jon E. Fuhrer Company v. Gerhardt*, 955 S.W.2d 212, 213 (Mo.App.1997). Because the circuit court did not issue a document denominated a judgment addressing Sredl's motion, we do not have jurisdiction to consider this appeal. We, therefore, dismiss Sredl's appeal.

VICTOR C. HOWARD, Chief Judge, and HAROLD L. LOWENSTEIN, Judge, concur.