**Richard R. WELCH,
Petitioner/Respondent,**

v.

**Lynda C. WATTS, f/k/a Lynda C.
Welch, Respondent/Appellant.**

**No. ED 92136.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 22, 2009.

Lynda C. Watts, Frankford, MO, pro se.

Richard R. Welch, Frankford, MO, pro se.

## OPINION

MARY K. HOFF, Judge.

Lynda Cleek Watts, formerly known as Welch, (Wife) appeals from the trial court's order denying Wife's motion to set aside judgment of dissolution entered in favor of Richard Welch (Husband). We dismiss the appeal without prejudice for lack of jurisdiction because the trial court's order is not denominated a judgment and, thus, is not a final, appealable judgment.

### Factual and Procedural History

Although we need not engage in a detailed recitation of the facts, the record reveals the following procedural background relevant to our disposition of the case.

Husband and Wife were married on May 21, 2005. No children were born of the marriage. The parties separated in September 2006, and Husband filed his Petition for Dissolution of Marriage on December 26, 2007. Wife filed her responsive pleading and counter petition on March 27, 2008. After subsequent pleadings were filed, the trial court scheduled a date for the pre-trial conference and a date for the hearing on the petitions for dissolution.

Prior to the pre-trial conference, Wife filed a motion for attorney fees alleging that she was without sufficient income and resources to retain an attorney and that Husband should be ordered to pay the preliminary costs to allow Wife to either maintain or defend the proceeding. Wife

filed a notice of hearing on her motion for attorney fees for June 30, 2008. However, on June 27, 2008, Wife requested a continuance of the hearing on the motion for attorney fees due to a sudden death in her family. Wife, who was an attorney but was not represented by counsel, discussed the matter with Husband's attorney over the telephone. Husband's attorney agreed to the continuance of the hearing on the motion for attorney fees. No requests for a continuance of the hearing on the petitions for dissolution were filed.

On September 4, 2008, the trial court called and heard the parties' petitions for dissolution. Husband appeared in person and by his attorney of record, but Wife, although duly summoned, did not appear. The trial court thereafter reviewed the pleadings and received evidence. Husband made recommendations regarding the awards of separate property, the division of marital assets, and the allocation of marital debt. The trial court found Husband's recommendations to be fair, reasonable, and not unconscionable under the circumstances. The trial court found no reasonable likelihood that the marriage of the parties could be preserved and, therefore, found the marriage to be irretrievably broken. On September 5, 2008, the trial court entered judgment dissolving the parties' marriage, awarding each party his or her separate property, dividing the marital property, allocating the marital debts, restoring Wife's former name, and taxing costs of the action to Husband.

Wife later filed a Motion to Set Aside Judgment.[1] After a hearing on her motion in which evidence was adduced, the trial court took the matter under submission and subsequently entered its order denying Wife's motion. This appeal follows.[2]

### Discussion

■ Wife asserts five points on appeal. All five points allege various reasons the trial court erred in denying Wife's Motion to Set Aside the dissolution judgment. However, before addressing the merits of any appeal, this Court must determine whether it has jurisdiction to entertain the appeal. *Guy v. Thomas,* 157 S.W.3d 328, 329 (Mo.App. E.D.2005). If we lack jurisdiction, we will dismiss the appeal. *Id.* "To invoke this Court's jurisdiction, parties must appeal a written decree or order which has been signed by the trial judge and denominated a 'judgment.'" *Id.,* quoting *Jon E. Fuhrer Co. v. Gerhardt,* 955 S.W.2d 212, 213 (Mo.App. E.D.1997); Rule 74.01(a). In so designating the writing, it must be clear to us from the writing that the trial court called the document or docket sheet entry a judgment. *Guy,* 157 S.W.3d at 329, *citing City of St. Louis v. Hughes,* 950 S.W.2d 850, 853 (Mo. banc 1997).

■ Here, the trial court's order denying Wife's Motion to Set Aside Judgment was not denominated a "judgment." The trial court's docket entry of the order is likewise not denominated a "judgment." Moreover, the record contains no other document or any reference to another document that may be denominated a "judgment." Thus, this Court lacks jurisdiction to review the appeal. *Guy,* 157 S.W.3d at 329.

---

1. The record indicates that the motion to set aside judgment was initially entitled "Motion to Set Aside Default Judgment of Dissolution of Marriage." However, at the hearing on the motion, the trial court allowed Wife to amend the motion by interlineation to "Mo-

tion to Set Aside Judgment," pursuant to Rule 74.06, to reflect the fact that no default judgment had been entered against her.

2. This Court granted Wife's motion for late notice of appeal.

*Conclusion*

The appeal is dismissed without prejudice for lack of a final, appealable judgment.

GLENN A. NORTON, Presiding Judge, and LAWRENCE E. MOONEY, Judge, concur.