

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| STATE OF MISSOURI, DEPARTMENT OF SOCIAL SERVICES FAMILY SUPPORT DIVISION, ET. AL., | ) ) ) ) | |
| Respondent, | ) ) | |
| v. | ) ) | WD79417 |
| KENNETH SCHAUER, | ) ) | Opinion filed: October 25, 2016 |
| Appellant. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF NODAWAY COUNTY, MISSOURI**
**THE HONORABLE W. DOUGLAS THOMSON, ASSOCIATE JUDGE**

Before Division One: Thomas H. Newton, Presiding Judge,
Cynthia L. Martin, Judge and Edward R. Ardini, Jr., Judge

Kenneth M. Schauer ("Schauer"), proceeding *pro se*, appeals the circuit court's denial of his Motion to Vacate Judgment of Modification of March 25, 2011, for Lack of Jurisdiction. The motion came nearly four years after the issuance of the judgment it sought to vacate which itself was modifying a child support order issued nine years earlier. After a careful review of the record, we determine that, because Schauer's appeal is not taken from a final judgment, his appeal must be dismissed.

## Factual and Procedural Background

On April 18, 2002, the Nodaway County Circuit Court entered a judgment dissolving the

marriage of Kenneth Schauer and Lisa Schauer. Pursuant to that dissolution, the circuit court ordered Mr. Schauer to pay $400.00 per month in child support. Sometime later, and at the request of Ms. Schauer, the Family Support Division ("the Division") began the child support modification procedures outlined in sections 454.496 and 452.370,[1] which resulted in an administrative hearing on September 28, 2010. The hearing officer determined that the "substantial and continuing change" requirement of section 452.370 had been satisfied on at least two independent grounds, and determined a new presumed child support amount of $714.00 per month. Schauer failed to seek judicial review of the hearing officer's decision.

Shortly after the administrative hearing, and based on the hearing officer's finding of a substantial and continuing change, the Division filed with the circuit court a Motion to Review and Approve its proposed modification. On March 25, 2011, the circuit court entered judgment modifying the original dissolution of marriage decree by adopting the presumed child support amount determined by the hearing officer. Again, Schauer did not appeal. Nearly a year later, on March 19, 2012, Schauer filed a Motion for Relief from Judgment pursuant to Rule 74.06(b)[2] claiming that the Division had perpetrated a fraud upon the court. The circuit court took up the motion and denied the same on September 4, 2013. On December 18, 2015, Schauer filed a motion titled Motion to Vacate Judgment of Modification of March 25, 2011, for Lack of Jurisdiction ("Motion to Vacate"), which is the subject of this appeal. That motion was denied by order of the circuit court on January 28, 2016. Schauer now appeals that denial.

### Points Raised on Appeal

Schauer raises two points on appeal. First, he asserts that the circuit court erred in modifying the original child support order because the circuit court lacked the jurisdiction to do

---

[1] All statutory citations are to the Revised Statutes of Missouri; 2000, as supplemented.
[2] All references are to Missouri Supreme Court Rules (2015).

2

so. Second, Schauer argues that the circuit court erred in "assisting" the Division who, he claims, brought its 2011 proposed modification to the circuit court with unclean hands.

**Discussion**

While not clearly delineated as such, we properly understand the Motion to Vacate, which is the subject of this appeal, to have been brought pursuant to Rule 74.06(b). Rule 74.06(b) allows for a party to seek relief from a judgment on one of five distinct grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is irregular; (4) the judgment is void; or (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment remain in force.

With regard to subsection (4) in particular, the Missouri Supreme Court has stated that "[a] judgment is void under Rule 74.06(b)(4) if the trial court: (1) lacked subject matter jurisdiction, (2) lacked personal jurisdiction, or (3) entered the judgment in a manner that violated due process." *Bate v. Greenwich Insurance Company*, 464 S.W.3d 515, 517 (Mo. banc 2015).

Upon review of the Motion to Vacate, it appears that Schauer's argument, albeit far from precise, is that the circuit court lacked the subject matter jurisdiction needed to modify its previous child support order thereby rendering the 2011 modification judgment void. As a result, this court determines that Schauer's Motion to Vacate was brought pursuant to 74.06(b)(4).

However, before we are able to address the merits of Schauer's appeal, we are required, *sua sponte,* to first determine whether we have jurisdiction to review it. *Capital Finance Loans, LLC v. Read*, 476 S.W.3d 925, 927 (Mo. App. W.D. 2015). An important part of this analysis is to determine whether there is a final judgment, which "is a prerequisite to appellate review."*Ndegwa v. KSSO, LLC*, 371 S.W.3d 798, 801 (Mo. banc 2012). Rule 74.01 clearly states that "[a] judgment

3

is entered when a writing signed by the judge and denominated 'judgment' or 'decree' is filed." This "requirement that a trial court must 'denominate' its final ruling as a 'judgment' is not a mere formality; [i]t establishes a 'bright line' test as to when a writing is a judgment." *G.H. v. Eli Lilly & Co.*, 412 S.W.3d 326, 330 (Mo. App. W.D. 2013) (quoting *City of St. Louis v. Hughes*, 950 S.W.2d 850, 853 (Mo. banc 1997)).

This court has clearly and repeatedly interpreted this language to mean that for an order to be appealable, it must first be denominated a "judgment" or "decree." *See*, *e.g. G.K.S. v. Staggs*, 452 S.W.3d 244, 250-51 (Mo. App. W.D. 2014); *Basta v. Kansas City Power & Light Co.*, 410 S.W.3d 743, 746 (Mo. App. W.D. 2013); *Hamilton v. Hamilton*, 278 S.W.3d 730, 732 (Mo. App. W.D. 2009); *Dempsey v. Shelter General Ins. Co.*, 199 S.W.3d 896, 898 (Mo. App. W.D. 2006). This rule applies directly to a motion brought pursuant to Rule 74.06(b)(4), such that, an order denying a Rule 74.06(b)(4) motion "must be denominated a judgment" before this court is able to review it on appeal. *Snelling v. Michelin North America, Inc.,* 213 S.W.3d 201, 202 (Mo. App. E.D. 2007). Because the court order issued January 28, 2016, denying Schauer's Motion to Vacate, is not denominated either a judgment or decree, Schauer's appeal must be dismissed.

Schauer's appeal is dismissed without prejudice for lack of a final, appealable judgment.

_____

EDWARD R. ARDINI, JR., JUDGE

All concur.

4