

# In the Missouri Court of Appeals
## Eastern District
### DIVISION ONE

| | | |
|---|---|---|
| SANSONE GROUP DDR LLC, | ) | No. ED108169 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Hon. Craig K. Higgins |
| WILMA PENNINGTON-THURMAN | ) | |
| | ) | Filed: |
| Appellant. | ) | June 2, 2020 |

This appeal arises from Sansone Group DDR LLC's ("Landlord") action under Chapter 535 to recover unpaid rent and possession of premises leased to Wilma Pennington-Thurman ("Tenant").[1] We dismiss the appeal.

Landlord sought unpaid rent and possession of Tenant's apartment. Tenant filed a notice of removal of the case to federal court, but, on Landlord's motion, the case was remanded back to the state court.[2] On the day the case was set for trial, the parties reached an agreement, which was memorialized in a consent judgment entered on July 17, 2019 by the associate circuit judge presiding over this case. Therein, Tenant agreed to pay the full

---

[1] Tenant is *pro se*.

[2] Tenant attempted to remove the case based on counterclaims, in which she alleged violations of the Americans with Disabilities Act, the Fair Housing Act and the implied warranty of habitability. Those counterclaims were later voluntarily dismissed by Tenant without prejudice. As a result, and for the other reasons stated herein, the arguments in Tenant's brief regarding issues raised in those counterclaims are not properly before us for review.

amount of the judgment in ten days, and Landlord agreed to inspect a maintenance issue Tenant complained of. If Tenant paid in full and on time, then Landlord agreed to file a satisfaction of judgment (which Landlord explains meant that it would not seek eviction and Tenant could stay in the apartment). Tenant did not pay. Instead, she again attempted to remove the case to federal court. She filed a notice of removal in federal court on August 5, 2019 and notified the state court of said removal the next day, August 6. Also on August 6—and prior to receiving notice of this second removal—Landlord filed an "execution application and order" seeking to collect on the amount Tenant owed under the consent judgment and for possession of the premises; there is a docket entry "order for eviction" entered on that same day. On August 9, the federal court ordered the case remanded to the state court on its own motion. On August 14, Tenant filed a motion to set aside the consent judgment under Rule 74.06(b), alleging the judgment was irregular, void and entered without notice or her consent. The court denied the motion in a handwritten "order" that same day. This appeal followed.

On appeal, Tenant contends the consent judgment went "beyond the pleadings" by ordering possession of the premises, which Tenant mistakenly believed was not requested by Landlord in this case.[3] Tenant also contends that when she removed the case a second time to federal court, the state court lost jurisdiction and had no authority to enter the order of eviction. Landlord has filed a motion to dismiss the appeal, arguing that Tenant has no

---

[3] This appears to be based on a misunderstanding of the phrase "restitution of the premises," which is part of the preprinted prayer for relief in the Affidavit and Statement in a Landlord Case. "Restitution of the premises" is a more formal way of requesting that the court restore possession of the premises to the owner. Elsewhere in that same pleading, the case is colloquially described as a "rent & possession lawsuit." Perhaps the confusion is also the result of Landlord's later agreement not to seek eviction *if* Tenant paid the amount she owed.

2

right to an appeal in this rent and possession case before an associate circuit judge and that, if she was aggrieved, her remedy was to seek a trial de novo. We agree.

The right to appeal is purely statutory. *Reynolds v. Robben*, 589 S.W.3d 676, 679 (Mo. App. E.D. 2019). Chapter 535 of the Missouri Revised Statutes prescribes the procedures for a rent and possession action like this case. Appeals in these cases "shall be allowed and conducted in the manner provided in chapter 512." Section 535.110. Chapter 512 governs civil appeals, and Section 512.180 in particular addresses appeals from cases tried before an associate circuit judge. For certain types of associate circuit judge cases—including Chapter 535 cases—the remedy is a trial de novo; for others, the remedy is an appeal:

> 1. Any person aggrieved by a judgment in a civil case tried without a jury before an associate circuit judge, other than an associate circuit judge sitting in the probate division or who has been assigned to hear the case on the record under procedures applicable before circuit judges, shall have the right of a trial de novo in all cases tried before municipal court or under the provisions of chapter 482 or 535.

> 2. In all other contested civil cases tried with or without a jury before an associate circuit judge or on assignment under such procedures applicable before circuit judges or in any misdemeanor case or county ordinance violation case a record shall be kept, and any person aggrieved by a judgment rendered in any such case may have an appeal upon that record to the appropriate appellate court. At the discretion of the judge, but in compliance with the rules of the supreme court, the record may be a stenographic record or one made by the utilization of electronic, magnetic, or mechanical sound or video recording devices.

If the statutory language of section 512.180.1 applies, then the aggrieved party is "required to apply for a trial de novo, not seek an appeal to this Court." *Fannie Mae v. Truong,* 361 S.W.3d 400, 404 (Mo. banc 2012); *see also Walker v. Brownel*, 375 S.W.3d 259, 261–62 (Mo. App. E.D. 2012); *Reynolds*, 589 S.W.3d at 678-79. Thus, to the extent Tenant is

aggrieved by any judgment entered by the associate circuit judge in this case,[4] the correct procedural remedy was to seek a trial de novo, not an appeal.

Appeals by aggrieved parties from judgments in rent and possession cases tried without a jury before an associate circuit court judge are not statutorily authorized. Where there is no statute providing a right to appeal, none exists. *Reynolds*, 589 S.W.3d at 678-79. An appeal brought without statutory approval "confers no authority upon an appellate court except to enter an order dismissing the appeal." *Id*.

Landlord's motion to dismiss the appeal is granted, and its alternate motion to strike the brief for failure to comply with the briefing rules is denied as moot. The appeal is dismissed.

ROBERT G. DOWD, JR., Judge

Robert M. Clayton III, P.J. and
Michael E. Gardner, J., concur.

---

[4] We note that the only ruling actually denominated a "judgment" in this case is the consent judgment entered on July 17. The August 14 *order* denying the Rule 74.06(b) motion that Tenant cites in her Notice of Appeal as the judgment being appealed from and the August 6 "eviction *order*" she challenges in her brief are not judgments. *See State v. Schauer*, 503 S.W.3d 272, 274 (Mo. App. W.D. 2016); *see also* Rule 74.01 ("A judgment is entered when a writing signed by the judge and denominated "judgment" or "decree" is filed).

We also note that the July 17 consent judgment was entered pursuant to agreement of the parties, and a party is not typically considered "aggrieved" by such judgments. Therefore, Tenant may not have had the right to either a trial de novo or an appeal from this consent judgment because being "aggrieved" is an essential prerequisite to either remedy. *See* Section 512.180; Section 512.020; *see also State ex rel. Heritage Valley Farm, Inc. v. Nixon*, 88 S.W.3d 496, 499 (Mo. App. W.D. 2002) (finding court had no authority to conduct trial de novo from judgment entered pursuant to parties' agreement by associate circuit judge); *City of Cape Girardeau v. Elmwood Farms, L.P.*, 575 S.W.3d 280, 283 (Mo. App. E.D. 2019) (stating generally consent judgment is not appealable).