Irene PRITZ, Plaintiff–Appellant,

v.

Felicisma BALVERDE, Defendant–
Respondent.

No. 71518.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 11, 1997.

**John WITHOUSE, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 71537.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 11, 1997.

Before GRIMM, P.J., and PUDLOWSKI and GARY M. GAERTNER, JJ.

### ORDER

Wittner, Poger, Rosenblum, Kessler, Spewak & Maylack, P.C., Jack B. Spooner, St. Louis, for plaintiff–appellant.

Knight, Ford, Wright, Atwill, Parshall & Baker, L.L.C., Susan Ford Robertson, Columbia, for defendant–respondent.

KAROHL, Judge.

Plaintiff, Irene Pritz, appeals dismissal of her medical malpractice suit against defendant, Felicisma Balverde, M.D. Pritz argues the trial court erred when it refused to reinstate her case to the active trial docket because: (1) the clerk violated Local Rule 8.2 which provides a procedure for placing inactive cases on the dismissal docket and her case was not inactive as defined in the rule; (2) placement of her case on the dismissal docket was a clerical error and subject to correction under Rule 74.06(a); and, (3) the order of dismissal was void for lack of notice and subject to correction under Rule 74.06(b)(4). We dismiss for lack of jurisdiction because the requirements of a judgment under Rule 74.01(a) were not met.

On April 24, 1995, the trial court dismissed the lawsuit, without prejudice, for failure to prosecute. The legal file does not contain a copy of the judgment. A docket entry provides:

4/24/95 ORDER DISMISSED BY COURT ORDER # 1156. FR

The legal file contains a copy of a cost bill, dated May 30, 1995, directed to Pritz for the dismissal. Pritz's counsel was unaware of the dismissal until July 1996, when he inquired about the status of the case with the clerk of court. On July 29, 1996, counsel mailed a copy of a "Motion toReinstate Cause to Docket" to defense counsel. On August 6, 1996, Pritz filed a "Notice of a Motion to Reinstate Cause to Docket" with the trial court. On August 7, 1996, defendant filed a "Motion In Opposition to Reinstate Cause to Docket." On August 26, 1996, Pritz filed a memorandum in support of her motion to reinstate.

In her motion to reinstate, Pritz alleged the clerk placed the case on the dismissal docket in violation of Local Rule 8.2 which permits cases with six months of inactivity to be placed on a dismissal docket. The case file showed that several events took place within the period, thus, the case was active. She asked this court to employ a nunc pro tunc order, authorized by Rule 74.06(a) to amend the clerical error, and reinstate her case to the active docket. The legal file contains documents Pritz filed with the clerk and file stamped on March 6, 1995, one month prior to the dismissal. The documents are not noted in a docket entry.

On September 5, 1996, the trial court denied Pritz's motion to reinstate. The only record of this appears in a letter dated September 6, 1996, addressed to the attorneys and signed by a clerk. It provides:

Please be advised that on September 5, 1996, the Honorable Fred Rush made the following order:

Plaintiff's Motion to Reinstate Cause to Docket having previously been taken under advisement by the Court the same is

now ordered denied. Counsel to be notified of this order. FR

On September 30, 1996, Pritz filed a "Motion For Reconsideration And Amended Motion to Reinstate Cause." In her motion for reconsideration, she alleged a new ground for relief. Pritz cited *Henningsen v. Independent Petrochem. Corp.*, 875 S.W.2d 117, 122 (Mo.App.1994), for her position she was entitled to relief under Rule 74.06(b)(4). She argued the order dismissing her case was void when entered, because she did not receive actual or constructive notice of the proposed dismissal, the order was entered in violation of the adopted procedure for dismissing pending lawsuits, and it was arbitrary because there was no support for finding the case was not being actively prosecuted.

Pritz attached an affidavit of her counsel's secretary to the motion for reconsideration. The secretary affirmed that on or about September 17, 1996, she was instructed to contact the judge's clerk to inquire as to the whereabouts of the trial court's order denying the motion to reinstate. The clerk told her that "the order concerning the Motion to Reinstate Cause to Docket was a letter dated September 6, 1996."

A docket entry reflects that on October 4, 1996, the trial court denied Pritz's motion for reconsideration. A letter dated October 7, 1996, addressed to the parties and signed by a clerk provides:

> Please be advised that on October 4, 1996, the Honorable Fred Rush made the following order:

> Plaintiff's motion for reconsideration and amended motion to reinstate cause to docket having previously been taken under advisement by the court the same is *now ordered denied. Counsel to be notified of this order.* FR

Pritz argues the substance of her motion to reinstate was a motion to vacate and set aside the April 24, 1995, order of dismissal authorized by Rule 74.06(a) and (b)(4). She also argues her notice of appeal is timely because October 4, 1996, is the date the time period for filing began.

Defendant argues this court lacks jurisdiction to entertain Pritz's appeal because it is untimely. She contends Pritz's filings were untimely on more than one occasion. First, she argues Pritz failed to file a timely motion to set aside or vacate the order of dismissal. Second, she argues Pritz failed to appeal the denial of her motion to reinstate, opting instead to file a petition in mandamus in this court. Finally, she contends Pritz failed to timely file her notice of appeal.

■ We may not review an appeal without first finding the trial court entered a judgment which became final. *Chambers v. Easter Fence Co.*, 943 S.W.2d 863, 866 (Mo. App. E.D.1997). To be final, a judgment must be: (1) in writing; (2) signed by the judge; (3) denominated "judgment"; and, (4) filed. *Sarasohn & Co. v. Prestige Hotels Corp.*, 945 S.W.2d 13, 17 (Mo.App. E.D.1997); *Chambers*, 943 S.W.2d at 865; *In re Estate of Keathley*, 934 S.W.2d 611, 614 (Mo.App. E.D. 1996). Rule 74.01(a) provides:

> **(a) Included Matters.** "Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated "judgment" is filed. The judgment may be a separate document or included on the docket sheet of the case.

■ No judgment of dismissal complying with the requirements of Rule 74.01(a) was ever entered. The trial court did not create any signed writing denominated "judgment." Further, on plaintiff's Rule 74.06 motion there has been no "judgment." The letters referencing orders on September 6, 1996, and October 4, 1996, are insufficient to comply with Rule 74.01(a). The case is still pending because it was never dismissed in accord with Rule 74.01(a). Accordingly, the trial court has not formally dismissed the cause or formally decided Pritz's motion to reinstate.

■ We have ex gratia reviewed the issue of void judgment under Rule 74.06(b). A dismissal is void if entered without either actual or constructive notice. *Henningsen*, 875 S.W.2d at 119. The issue of void judg-

ment is not restricted by time. Rule 74.06(c); *Blanton v. United States Fidelity and Guar. Co.*, 680 S.W.2d 206, 208 (Mo.App. 1984). We do not have jurisdiction to review an appeal of a void judgment. *Id.*

There is an issue whether Pritz received the required actual or constructive notice of the trial court's dismissal docket or order of dismissal. There are no evidentiary facts in the trial court's file which would support a conclusion of actual notice to Pritz that her case would be placed on the dismissal docket and dismissed.

On the question of constructive notice of the dismissal docket, the local rules suggest there was none. The procedure adopted by the trial court, Local Rule 8.2, requires six months of file inactivity before placing a civil case pending more than two years on the dismissal docket. Local Rule 8.2(a) provides:

> When so directed by the Judge, the Clerk shall prepare a Dismissal Docket consisting of (1) all civil cases pending in a Circuit Judge Division in which no activity has been noted for 12 months or more, and (2) *all civil cases pending two (2) years or more in which no activity has been noted for six (6) months or more.* These cases *are subject to dismissal without prejudice for want of prosecuting* ... subject to re-filing within one (1) year under Section 516.230 VAMS, where applicable. The Clerk shall notify, in writing, last known counsel of record of such action and parties shall be notified in writing at their last known address only if no attorneys are then of record. (Emphasis added).

The clerk received and date stamped written documents indicating file activity on March 6, 1995, one month prior to the dismissal. Such activity would exclude a finding plaintiff was on constructive notice by Local Rule 8.2 that her case was inactive and subject to dismissal.

We dismiss the appeal because: (1) the case was never formally dismissed; or, (2) plaintiff's Rule 74.06(b)(4) allegation has never been formally decided.

AHRENS, P.J., concurs in result.

CRANDALL, J., concurs.