Stephen BRYANT, Plaintiff/Appellant,

v.

CITY OF UNIVERSITY CITY, Defendant/Respondent.

No. ED 82684.

Missouri Court of Appeals, Eastern District, Division Five.

May 20, 2003.

Stephen Keith Bryant, St. Louis, MO, pro se.

John F. Mulligan, Jr., St. Louis, MO, for respondent.

LAWRENCE E. MOONEY, Chief Judge.

The appellant, Stephen Bryant, filed a petition for damages against the defendant. Simultaneously, he filed a motion to proceed *in forma pauperis.* The trial court denied the motion to proceed *in forma pauperis.* The court concluded that the clerk should file the matter, but it would take no further action unless the

filing fee was paid. If the filing fee was not paid, then the matter would be dismissed without prejudice. Appellant appeals the order denying his request to proceed *in forma pauperis*. We dismiss for lack of a final, appealable judgment.

We must first determine *sua sponte* whether the trial court's order is appealable. *Clark v. Myers*, 945 S.W.2d 702, 703 (Mo.App. E.D.1997). Generally, for an appeal to lie, there must be a final judgment in the case. Section 512.020, RSMo 2000. If the trial court's judgment is not final, this Court lacks jurisdiction and the appeal must be dismissed. *Committee for Educ. Equality v. State*, 878 S.W.2d 446, 454 (Mo. banc 1994). For a judgment to be final and appealable, it must be one that finally disposes of at least one claim on the merits and not a ruling on miscellaneous issues that does not resolve at least one claim. *See, Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997). Here, the trial court's order denying the appellant's motion to proceed *in forma pauperis* does not resolve one claim in the underlying suit or even constitute a judgment. Moreover, it appears the suit was filed and the court has not dismissed it. Therefore, there is no final, appealable judgment.

We directed the appellant to show cause why we should not dismiss this appeal for lack of a final, appealable judgment. The appellant has failed to file a response. The appellant's review, if any, may be by way of extraordinary writ. *See, State ex rel. Coats v. Lewis*, 689 S.W.2d 800 (Mo. App. W.D.1985).

We dismiss the appeal for lack of a final, appealable judgment.

LAWRENCE G. CRAHAN, J., and ROBERT G. DOWD, JR., J., concur.