Howard RANSOM, Appellant,

v.

Dr. Esperanza PIMENTEL, Respondent.

No. ED 83468.

Missouri Court of Appeals, Eastern District, Division Five.

Jan. 13, 2004.

Virgil William, St. Louis, pro se.

Mitch Murch's Maintenance, St. Louis, pro se.

Cynthia Ann Quetsch, Labor & Industrial Relations, Jefferson City, for Div. Employment Security.

SHERRI B. SULLIVAN, Chief Judge.

Howard Ransom (Appellant) filed suit against Dr. Esperanza Pimentel (Respondent) for medical malpractice. Respondent filed a motion to dismiss asserting that Appellant had failed to state a claim

for medical malpractice. The trial court granted Respondent's motion to dismiss and dismissed Appellant's petition without prejudice for failure to state a claim. This appeal ensued. Because the trial court's order is not denominated a judgment as required by Rule 74.01(a),[1] we dismiss the appeal for lack of jurisdiction.

An aggrieved party may only appeal from a final judgment of the trial court. Section 512.020, RSMo 2000. In a civil case, a judgment is a writing both signed by a judge and expressly denominated a "judgment." Rule 74.01(a); *Peet v. Randolph*, 103 S.W.3d 872, 875 (Mo.App. E.D. 2003). In designating the writing a "judgment," it must be clear from the writing that the trial court is calling the document or docket sheet entry a judgment. *City of St. Louis v. Hughes*, 950 S.W.2d 850, 853 (Mo. banc 1997).

We must determine *sua sponte* whether we have jurisdiction. *Bryant v. City of University City*, 105 S.W.3d 855, 856 (Mo. App. E.D.2003). If we lack jurisdiction to entertain an appeal, it must be dismissed. *Id.* Here, the order dismissing Appellant's petition without prejudice is not denominated a judgment. As a result, there is no final, appealable judgment. *SLJ v. RJ*, 101 S.W.3d 339, 340 (Mo.App. E.D.2003).

We issued an order directing Appellant to file a supplemental legal file with a copy of a judgment that complies with Rule 74.01(a) or to show cause why the appeal should not be dismissed. Appellant filed a response to the order. In his response, Appellant failed to address the jurisdictional issue, but instead argued the merits of his appeal. He captioned his response as a "supplemental legal file," but it did not contain any documents from the trial court nor any document denominated a judgment.

In *City of St. Louis v. Hughes*, the Missouri Supreme Court stated that "[t]he requirement that a trial court must 'denominate' its final ruling as a 'judgment' is not a mere formality. It establishes a 'bright line' test as to when a writing is a judgment." 950 S.W.2d at 853; *see also Brooks v. Brooks*, 98 S.W.3d 530, 532 (Mo. banc 2003). The order dismissing Appellant's petition must be denominated a judgment or this Court lacks jurisdiction. *Jon E. Fuhrer Co. v. Gerhardt*, 955 S.W.2d 212, 213 (Mo.App. E.D.1997).

We dismiss the appeal for lack of a final, appealable judgment.

LAWRENCE E. MOONEY, J., and GEORGE W. DRAPER, III, J., concur.

---

1. All rule references are to Mo. R. Civ. P.2003, unless otherwise indicated.