**H.J. GRUY & ASSOCIATES, INC., Appellant,**

v.

**BIG E OIL COMPANY, et al., Respondents.**

**No. ED 83977.**

Missouri Court of Appeals,
Eastern District,
Division Five.

April 27, 2004.

Randall D. Grady, Clayton, MO, for Appellant.

Anthony D. Linson, St. Charles, MO, for Respondent.

Ernie Flota, Alton, IL, pro se.

SHERRI B. SULLIVAN, Chief Judge.

H.J. Gruy & Associates, Inc. (Appellant) filed suit against multiple defendants under the Illinois Uniform Fraudulent Transfer Act. Big E Oil Company (Respondent) filed a motion to dismiss asserting that the statute of limitations had expired on Appellant's claim. The trial court granted Respondent's motion to dismiss and dismissed Appellant's petition with prejudice. Appellant appealed. Because the order dismissing Appellant's petition is not denominated a judgment as required by Rule 74.01(a),[1] we dismiss the appeal for lack of jurisdiction.

Under Section 512.020,[2] an appeal is only allowed from a final judgment of the trial court. In a civil case, a judgment must be expressly denominated "judgment" to be appealable. Rule 74.01(a); *Peet v. Randolph*, 103 S.W.3d 872, 875 (Mo.App. E.D.2003). In designating the writing a "judgment," it must be clear from the writing that the trial court is calling the document or docket sheet

---

1. All rule references are to Mo. R. Civ. P. 2003, unless otherwise indicated.

2. All statutory references are to RSMo 2000, unless otherwise indicated.

entry a judgment. *City of St. Louis v. Hughes,* 950 S.W.2d 850, 853 (Mo. banc 1997).

■ This Court must determine its jurisdiction *sua sponte. Bryant v. City of University City,* 105 S.W.3d 855, 856 (Mo. App. E.D.2003). If this Court lacks jurisdiction to entertain an appeal, it should be dismissed. *Id.* Here, the order dismissing Appellant's petition is not denominated a judgment. As a result, there is no final, appealable judgment. *SLJ v. RJ,* 101 S.W.3d 339, 340 (Mo.App. E.D.2003).

We issued an order directing Appellant to show cause why the appeal should not be dismissed. Appellant has failed to file a response.

In *City of St. Louis v. Hughes,* the Missouri Supreme Court stated that "[t]he requirement that a trial court must 'denominate' its final ruling as a 'judgment' is not a mere formality. It establishes a 'bright line' test as to when a writing is a judgment." 950 S.W.2d at 853; *See also, Brooks v. Brooks,* 98 S.W.3d 530, 532 (Mo. banc 2003). The order dismissing Appellant's petition must be denominated a judgment or this Court lacks jurisdiction. *Jon E. Fuhrer Co. v. Gerhardt,* 955 S.W.2d 212, 213 (Mo.App. E.D.1997).

We dismiss the appeal for lack of a final, appealable judgment.

LAWRENCE E. MOONEY and GEORGE W. DRAPER III, JJ., concur.