Shirley J. CLARK,
Plaintiff/Respondent,

v.

AMERISTAR CASINO ST. CHARLES, INC., Defendant/Appellant.

No. ED 83860.

Missouri Court of Appeals,
Eastern District,
Division Five.

May 4, 2004.

Victor S. Williams, St. Charles, MO, for Appellant.

Stephen E. Walsh, Poplar Bluff, MO, for Respondent.

SHERRI B. SULLIVAN, Chief Judge.

Shirley J. Clark (Plaintiff) filed a petition for damages against Ameristar Casino St. Charles, Inc. (Defendant) after she suffered a fall on Defendant's property. After a trial, the jury found in favor of Plaintiff. The court entered a judgment in favor of Plaintiff in the amount of $24,000 plus interest. Defendant filed a motion for judgment notwithstanding the verdict (JNOV) and a motion for new trial. The trial court denied the motion for JNOV, but granted the motion for new trial. Defendant appeals, contending its motion for JNOV should have been granted. Because there is no final, appealable judgment, Defendant's appeal is dismissed.

When the trial court granted Defendant's motion for a new trial, it erased the judgment against Defendant. *Community Title Co. v. Roosevelt Federal Sav. and Loan Ass'n,* 796 S.W.2d 369, 370 (Mo. banc 1990). As a result, there is neither a final, appealable judgment nor is Defendant an aggrieved party with standing to appeal. *Trinity Lutheran Church v. Lipps,* 68 S.W.3d 552, 556 (Mo.App. E.D.2001).

We have a duty to examine our jurisdiction *sua sponte*. *Bryant v. City of University City,* 105 S.W.3d 855, 856 (Mo. App. E.D.2003). As a result, we issued an order directing Defendant to show cause why this appeal should not be dismissed for lack of an appealable judgment. In its response, Defendant agrees that when the trial court granted its motion for new trial, the adverse judgment against it was erased. However, Defendant asserts that where its motion for JNOV was well sup-

ported by sound law and factual evidence, this Court should resolve the appeal in the interest of judicial economy.

██ Defendant relies upon *James v. Paul*, 49 S.W.3d 678 (Mo. banc 2001). In that case, the appellant appealed from a summary judgment entered against it. In addition, the appellant sought review of the denial of its motion for summary judgment. The Supreme Court noted that ordinarily the denial of a motion for summary judgment is an interlocutory order and not a proper point on appeal. *Id.* at 682. However, the Court stated it would review the question, stating:

> But even though the ruling in question might normally be considered interlocutory, **if the appeal is otherwise properly before the Court**, and a question of law is almost certain to arise on retrial and has been fully briefed by the parties, the issue will be addressed as a matter of judicial efficiency and economy.

*Id.* (emphasis added).

Defendant's reliance on *James* is misplaced. First, Defendant's appeal, unlike the one in *James*, is not otherwise properly before this Court. There is no final, appealable judgment from which anyone could appeal. Second, the question of whether a motion for JNOV is proper under the facts presented at the first trial may not arise on retrial. This Court cannot speculate as to what evidence Plaintiff may present in the new trial. Therefore, it is not judicially efficient to consider Plaintiff's appeal at this juncture.

The appeal is dismissed for lack of a final, appealable judgment.

LAWRENCE E. MOONEY and GEORGE W. DRAPER III, JJ., concur.