**Ryan BRIGGS, Terrance J. Briggs, and Ardis E. Briggs, Plaintiffs/Appellants,**

v.

**Alan B. ORF, Defendant/Respondent.**

**No. ED 84458.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 26, 2004.

---

Ryan Briggs and Ardis Briggs, Washington, MO, for appellant.

John R. Geiss, Maryland Heights, MO, for respondent.

GEORGE W. DRAPER, III, Chief Judge.

Ryan Briggs, Terrance J. Briggs, and Ardis E. Briggs (Appellants) filed a petition to recover damages for personal injury and property damage sustained in an automobile accident with Alan B. Orf (Respondent). Respondent filed a motion to dismiss their cause as sanctions under Rule 61.01 for failure to comply with the trial court's discovery order. The trial court sustained Respondent's motion to dismiss and dismissed Appellants' cause of action with prejudice. Appellants filed a motion to reconsider, which the trial court denied. Appellants appealed to this Court. Because the order is not denominated a judgment as required by Rule 74.01(a), we dismiss the appeal for lack of jurisdiction.

This Court must determine its jurisdiction *sua sponte*. *Bryant v. City of University City*, 105 S.W.3d 855, 856 (Mo. App. E.D.2003). If this Court lacks jurisdiction to entertain an appeal, it should be dismissed. *Id.* Here, the order dismissing Appellants' petition with prejudice is not denominated a judgment. In a civil case, a judgment must be expressly denominated "judgment" to be appealable. Rule 74.01(a); *Peet v. Randolph*, 103 S.W.3d 872, 875 (Mo.App. E.D.2003). In designating the writing a "judgment," it must be clear from the writing that the trial court is calling the document or docket sheet entry a judgment. *City of St. Louis v. Hughes*, 950 S.W.2d 850, 853 (Mo. banc 1997).

We issued an order directing Appellants to show cause why their appeal should not be dismissed. In response, Appellants have simply filed another copy of the order denying their motion to reconsider. Neither the order dismissing their

cause of action nor the order denying their motion to reconsider is denominated a judgment. Without a document denominated "judgment," there is no final, appealable judgment. *SLJ v. RJ*, 101 S.W.3d 339, 340 (Mo.App. E.D.2003). Although the docket entry made by the clerk states "Judgment Entered," this entry is not signed or initialed by the trial court judge. *Id.*

■ The requirement that a trial court must denominate its final ruling as a "judgment" is not a mere formality, but rather establishes a bright line test as to when a writing is a judgment. *City of St. Louis v. Hughes*, 950 S.W.2d at 853; *See also, Brooks v. Brooks*, 98 S.W.3d 530, 532 (Mo. banc 2003). The order dismissing Appellants' petition must be denominated a judgment or this Court lacks jurisdiction. *Jon E. Fuhrer Co. v. Gerhardt*, 955 S.W.2d 212, 213 (Mo.App. E.D.1997).

We dismiss the appeal for lack of a final, appealable judgment.

LAWRENCE G. CRAHAN and GLENN A. NORTON, JJ., concur.