SOUTH COUNTY ORTHOPEDICS
& SPORTS MEDICINE, INC.,
Appellant,

v.

Marilyn G. PONA, Respondent.

No. ED 84700.

Missouri Court of Appeals,
Eastern District,
Division Five.

Nov. 9, 2004.

Erin T. Assouad, St. Louis, MO, for appellant.

Michael C. Goldberg, St. Louis, MO, for respondent.

GEORGE W. DRAPER III, Chief Judge.

South County Orthopedics & Sports Medicine, Inc. (Appellant) filed a petition against Marilyn Pona (Respondent) for breach of contract. The trial court entered an order granting Respondent's motion and dismissing Appellant's petition with prejudice. Appellant filed this appeal.

This Court must determine its jurisdiction *sua sponte*. *Bryant v. City of University City*, 105 S.W.3d 855, 856 (Mo.App. E.D.2003). If this Court lacks jurisdiction to entertain an appeal, it should be dismissed. *Id.* In a civil case, a judgment must be expressly denominated "judgment" to be appealable. Rule 74.01(a); *Peet v. Randolph*, 103 S.W.3d 872, 875 (Mo.App. E.D.2003). In designating the writing a "judgment," it must be clear from the writing that the trial court is calling the document or docket sheet entry a judgment. *City of St. Louis v. Hughes*, 950 S.W.2d 850, 853 (Mo. banc 1997).

Here, the order dismissing Appellant's petition with prejudice is not denominated a judgment. We issued an order directing Appellant to show cause why its appeal should not be dismissed and providing Appellant an opportunity to ask the circuit court to enter a judgment that complied with Rule 74.01(a). Appellant has failed to respond to our order and has not filed a judgment complying with Rule 74.01(a).

The requirement that a trial court must denominate its final ruling as a "judgment" is not a mere formality, but rather establishes a bright line test as to when a writing is a judgment. *Hughes*, 950 S.W.2d at 853; *See also, Brooks v. Brooks*, 98 S.W.3d 530, 532 (Mo. banc 2003). The order dismissing Appellant's petition must be denominated a judgment or this Court lacks jurisdiction. *Jon E. Fuhrer Co. v.*

*Gerhardt*, 955 S.W.2d 212, 213 (Mo.App. E.D.1997).

We dismiss the appeal for lack of a final, appealable judgment.

LAWRENCE G. CRAHAN, J. and GLENN A NORTON, J., concur.