GOLDEN VALLEY DISPOSAL, LLC, Plaintiff–Appellant,

v.

JENKINS DIESEL POWER, INC. and Central Detroit Diesel–Allison, Defendants–Respondents.

No. 27112.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 17, 2006.

J. Eric Mitchell, Clinton, MO, for Appellant.

Robert W. Stillings, Springfield, MO, for Respondent Jenkins Diesel Power, Inc.

Gardiner B. Davis, Kansas City, MO, for Respondent Central Detroit Diesel–Allison.

JEFFREY W. BATES, Chief Judge.

In November 2003, Golden Valley Disposal, LLC (Golden Valley) sued Jenkins Diesel Power, Inc. (Jenkins) and Central Detroit Diesel–Allison (Central) for breach of contract and misrepresentation in case no. 303AC9116 (Case I). On January 23, 2004, Jenkins served discovery, in the form of interrogatories and requests for production, upon Golden Valley. On February 23, 2004, Golden Valley filed a request for an extension of time to answer or object to the pending discovery. On March 17, 2004, the trial court granted Golden Valley 20 days to file answers to the interrogatories and produce the requested documents. Golden Valley failed to do so. On April 22, 2004, Jenkins filed a motion for sanctions and a notice that the motion would be heard on April 30, 2004 at 9:00 a.m.

At 7:58 a.m. on the morning of the sanctions hearing, Golden Valley's attorney faxed a document entitled "Dismissal Without Prejudice" to the office of the Greene County Circuit Clerk. Upon receipt of this document, a deputy clerk made the following docket entry: "FAXED: J. ERIC MITCHELL, ATTORNEY FOR PLAINTIFF, FILES DISMISSAL WITHOUT PREJUDICE. SENT TO COURT." Although the faxed document was sent to Judge Bacon, it appears that he refused to accept it as a valid voluntary dismissal because the sanctions hearing proceeded as scheduled.

Golden Valley's attorney did not attend, but the attorneys representing Jenkins and Central were present. The court sustained the motion for sanctions and entered an order dismissing Golden Valley's petition with prejudice. The original "Dismissal Without Prejudice" document was never filed by Golden Valley with the Circuit Clerk.

In May 2004, Golden Valley's attorney filed a motion to set aside the order of dismissal with prejudice. So far as we can determine, that motion was never called up for a hearing and has not been ruled by the trial court. Furthermore, the record on appeal reveals that no judgment of dismissal with prejudice, complying with the requirements of Rule 74.01, has been filed in Case I.[1]

In January 2005, Golden Valley sued Jenkins and Central again in case no. 305AC0416 (Case II). The cause of action asserted against Jenkins and Central in this petition was identical to the one contained in the petition previously filed in Case I. Both defendants filed motions to dismiss Case II on the ground that Golden Valley's prior lawsuit asserting the same cause of action against these defendants had been dismissed with prejudice. Jenkins contended that Case II was barred by Rule 67.01. Central contended that Case II was barred by Rule 67.01 and *res judicata*. A copy of the order of dismissal with prejudice from Case I was attached to Central's motion to dismiss. All parties filed written suggestions with the trial court. Golden Valley argued that Case II should be permitted to proceed because it voluntarily dismissed Case I without prejudice, thereby depriving the trial court of jurisdiction to take any further actions in the case. Jenkins and Central took the position that Golden Valley's attempt to file its voluntary dismissal was ineffective

because: (1) filing a facsimile copy of the dismissal instead of the original document was not authorized by Supreme Court or local court rules; and (2) the facsimile of the dismissal was not accepted for filing by the trial judge. A copy of Golden Valley's facsimile dismissal document in Case I was attached to Jenkins' suggestions.

On February 22, 2005, the parties appeared by counsel and argued the motions to dismiss. The court took the case under advisement and granted a request that it take judicial notice of the court file in Case I. On February 28, 2005, the trial court determined that Case II was barred by *res judicata* because the prior dismissal with prejudice in Case I had never been set aside. Therefore, the court granted the motions and entered an order dismissing Case II with prejudice. In July 2005, the court entered a judgment of dismissal with prejudice. Golden Valley appealed from the judgment.

■ Before addressing the merits of Golden Valley's arguments, it is necessary to determine the appropriate standard of review. Although the motions filed by Jenkins and Central in Case II were denominated motions to dismiss, documents from Case I were presented to the court for its consideration in deciding whether the instant action was barred by Rule 67.01 or *res judicata*. The trial court also took judicial notice of the court file in Case I. Under such circumstances, we treat the motions as requesting, and the trial court ruling as granting, a summary judgment in favor of defendants. *King General Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints*, 821 S.W.2d 495, 498–99 (Mo. banc 1991); *WEA Crestwood Plaza, L.L.C. v. Flamers Charburgers, Inc.*, 24 S.W.3d 1, 5 (Mo.App. 2000); *Shores v. Express Lending Ser-*

---

**1.** All references to rules are to the Missouri Court Rules (2005).

*vices, Inc.,* 998 S.W.2d 122, 126 (Mo.App. 1999); *Chaney v. Cooper,* 954 S.W.2d 510, 515 (Mo.App.1997). Because the granting of a motion for summary judgment is purely an issue of law and we consider the same record that was before the trial court, we review the judgment *de novo. Jeffrey v. Cathers,* 104 S.W.3d 424, 428 (Mo.App.2003). As the material facts are not in dispute, our task is to decide whether Jenkins and Central were entitled to judgment as a matter of law. *Bumm v. Olde Ivy Development, LLC,* 142 S.W.3d 895, 897 (Mo.App.2004).

▇▇▇ Golden Valley contends the dismissal of Case II with prejudice was erroneous because the factual predicate essential to the trial court's decision—the prior dismissal with prejudice of Case I—had never actually occurred. According to Golden Valley, it voluntarily dismissed Case I without prejudice just prior to the April 22nd hearing, thereby depriving the trial court of jurisdiction to dismiss that case with prejudice as a sanction for not complying with an order compelling discovery. It is well-settled that a Rule 67.02 voluntary dismissal is effective upon filing and divests the trial court of jurisdiction over the case. *Kirby v. Gaub,* 75 S.W.3d 916, 917 (Mo.App.2002). Consequently, any action taken by a trial court after a case is voluntarily dismissed is a nullity. *Freeman v. Leader Nat'l Ins. Co.,* 58 S.W.3d 590, 595 (Mo.App.2001). If a plaintiff attempts to voluntarily dismiss a case in a way not authorized by the rules of civil procedure, however, the purported dismissal is invalid and of no legal effect. *Shelter Mut. Ins. Co. v. Vulgamott,* 96 S.W.3d 96, 106 (Mo.App.2003).

▇▇▇ As noted above, a voluntary dismissal without prejudice that otherwise complies with the rules of civil procedure is effective upon filing. The first issue we must address in this appeal is whether Golden Valley properly "filed" its voluntary dismissal so as to deprive the trial court of jurisdiction in Case I. Golden Valley contends it filed the dismissal at 7:58 a.m. on April 22, 2004 by transmitting a facsimile of this document to the Greene County Circuit Clerk's Office.[2] We begin our analysis by examining the text of Rule 43.02(c), which states:

> Filing With the Court—Electronic Transmission. By local court rule, a court, in cooperation with the office of the clerk of the court, may authorize the filing by electronic transmission of such motions, applications, orders, judgments, warrants, pleadings and the like as may be deemed desirable. For purposes of the rule, electronic transmission shall mean facsimile transmission or e-mail. If filing by electronic transmission is authorized by local rule, any pleading or other filing shall have the same effect as the filing of an original document, even though it may be required to be verified or submitted by affidavit. A facsimile or electronic signature shall have the same effect as an original signature. The person filing a pleading or other filing by electronic transmission shall retain the signed filing and make it available upon order of the Court.

From the plain language of this rule, we glean the following principles applicable to the case at bar: (1) circuit courts have the discretionary authority to control, by local rule, what type of documents may be filed by facsimile; and (2) transmitting a document by facsimile does not have the same

**2.** It is undisputed that no hard copy of the dismissal document was ever filed with the

Greene County Circuit Clerk's Office.

effect as filing the original document unless that mode of filing is authorized by local rule. The 31st Judicial Circuit has adopted a local rule concerning facsimile filings. Rule 9.3, which · is entitled "EMERGENCY FILINGS WITH ON-CALL JUDGES BY FACSIMILE," states:

Pursuant to Missouri Supreme Court Rules 20.04(h) and 43.02(c), search warrants and complaints and affidavits in support thereof; arrest warrants and affidavits, complaints and indictments in support thereof; ex parte orders and petitions and affidavits in support thereof; mental health/drug and alcohol commitments and petitions in support thereof and detention and protective custody orders and petitions in support thereof may be filed with on-call judges by facsimile transmissions on weekends, holidays, and after 5:00 p.m. on weekdays and at other times when a judge is unavailable. Any such paper so filed shall have the same effect as the filing of an original document, even though it may be required to be verified or submitted by affidavit. A facsimile signature shall have the same effect as an original signature. The person filing such paper by facsimile transmission shall also file the original with the court.

After examining the text of local rule 9.3, we conclude that it does not authorize a Rule 67.02 voluntary dismissal without prejudice to be filed by facsimile.

◼ Further analysis would be unnecessary but for the recent decision of *Gomez v. Construction Design, Inc.*, 126 S.W.3d 366 (Mo. banc 2004). There, the Supreme Court held that Rule 43.02(b) gives a trial judge the discretion to accept a facsimile document for filing, even though local court rules do not authorize this mode of filing. *Id.* at 375. Since a trial judge is not required to accept such a nonconform-

ing document for filing, however, *Gomez* does not aid Golden Valley. In the case at bar, the clerk noted on the docket sheet that Golden Valley's dismissal document had been faxed. The clerk's office sent the document, whose appearance clearly disclosed that it was a facsimile, to Judge Bacon. We presume the judge was aware that a validly-filed voluntary dismissal would deprive him of jurisdiction to rule on the motion for sanctions. *See Timmons v. Timmons*, 132 S.W.3d 906, 913 (Mo.App. 2004) (an appellate court presumes a trial judge knew and applied the law); *Dorman v. Dorman*, 91 S.W.3d 167, 171 n. 4 (Mo. App.2002) (same holding). We also presume the judge was aware of the limited type of documents that could be filed by facsimile transmission pursuant to local rule 9.3. Since Judge Bacon proceeded to hear and rule on the motion for sanctions, we conclude that he refused to accept Golden Valley's facsimile dismissal for filing. It was within the judge's discretion to do so. *Gomez*, 126 S.W.3d at 375. Therefore, we hold that the trial court in Case I did have jurisdiction to dismiss that action with prejudice.

◼ Having resolved the jurisdictional argument advanced by Golden Valley, the second issue we must address is whether Jenkins and Central were entitled, as a matter of law, to have Case II dismissed with prejudice. The trial court concluded that the instant action was barred by the doctrine of *res judicata* because the underlying order of dismissal in Case I had not been set aside. We are unable to agree with that conclusion.

◼ "*Res judicata* only applies after a final judgment has been rendered." *Spino v. Bhakta*, 174 S.W.3d 702, 707 (Mo.App. 2005); *see also Dodson v. City of Wentzville*, 133 S.W.3d 528, 538 (Mo.App.2004); *Deatherage v. Cleghorn*, 115 S.W.3d 447, 454 (Mo.App.2003). At the hearing on

April 30, 2004, the trial court in Case I entered an *order* sustaining the motion for sanctions and dismissing Golden Valley's petition with prejudice. This order does not constitute a judgment because it was not denominated as such. *See* Rule 74.01(a); *South County Orthopedics & Sports Medicine, Inc. v. Pona*, 149 S.W.3d 545, 546 (Mo.App.2004); *Briggs v. Orf*, 148 S.W.3d 853, 854 (Mo.App.2004); *H.J. Gruy & Associates, Inc. v. Big E Oil Co.*, 133 S.W.3d 541, 541–42 (Mo.App.2004); *cf. Richardson v. Jallen Investment Group, Inc.*, 140 S.W.3d 112, 114 (Mo.App.2004) (document dismissing plaintiff's cause of action with prejudice was a final judgment because it was in writing, denominated a judgment, signed by the trial judge and filed). The April 30th order was merely an interlocutory order of dismissal. *Peet v. Randolph*, 103 S.W.3d 872, 875 (Mo.App. 2003). As such, the order was, and still is, subject to being opened, amended, reversed or vacated until the entry of a final, appealable judgment in Case I. *State ex rel. Schweitzer v. Greene*, 438 S.W.2d 229, 232 (Mo. banc 1969); *D'Agostino v. D'Agostino*, 54 S.W.3d 191, 198 (Mo.App. 2001); *Stevenson v. City of St. Louis School Dist.*, 820 S.W.2d 609, 611 (Mo.App. 1991). Therefore, Case II cannot be barred by *res judicata* because no final judgment has been entered in Case I.

 In an effort to uphold the trial court's decision, Jenkins and Central argue that a dismissal of Case II with prejudice was authorized by Rule 67.01. This rule states, in pertinent part, that "[a] dismissal with prejudice bars the assertion of the same cause of action or claim against the same party." We find this argument untenable. The purpose of the quoted portion of Rule 67.01 is to extend *res judicata* principles to cases which are dismissed with prejudice without reaching the merits of the litigation. *Williams v. Rape*, 990

S.W.2d 55, 61 (Mo.App.1999). Accordingly, "*res judicata* principles are to be applied to dismissals under Rule 67.01 just as they are applied in cases decided under the common law doctrine itself." *Id.* We have already determined that the doctrine of *res judicata* has no application here because no final judgment of dismissal with prejudice has been filed in Case I. This same principle applies to dismissals under Rule 67.01. Therefore, the absence of a final judgment of dismissal with prejudice in Case I precludes the application of Rule 67.01 in Case II.

 Although the dismissal of Case II with prejudice cannot be sustained based on the doctrine of *res judicata* or Rule 67.01, we conclude that Jenkins and Central are entitled, as a matter of law, to have this second lawsuit against them dismissed without prejudice pursuant to the doctrine of abatement. This doctrine "holds that where a claim involves the same subject matter and parties as a previously filed action so that the same facts and issues are presented, resolution should occur through the prior action and the second suit should be dismissed." *HTH Companies, Inc. v. Mo. Dept. of Labor and Industrial Relations*, 154 S.W.3d 358, 361–62 (Mo.App.2004). Because an interlocutory order of dismissal was entered in Case I, the trial court never lost jurisdiction over that pending case. *Peet v. Randolph*, 103 S.W.3d 872, 876 (Mo.App.2003); *Pritz v. Balverde*, 955 S.W.2d 795, 797 (Mo.App.1997). Rule 55.27(a)(9) authorizes dismissal of a lawsuit on the ground "[t]hat there is another action pending between the same parties for the same cause in this state[.]" The motions to dismiss filed by Jenkins and Central asserted this defense, and it is undisputed that Case I and Case II are identical in all material respects. Consequently, Case II is barred

by the doctrine of abatement. *Peet,* 103 S.W.3d at 876.

 The pendency of another action between the same parties for the same cause in this state, however, is only a ground for dismissal of the second action without prejudice. *Cooper v. Knox,* 950 S.W.2d 498, 503 (Mo.App.1997); *In re Marriage of Gormley,* 813 S.W.2d 108, 111–12 (Mo.App.1991). Therefore, the trial court should not have dismissed Case II with prejudice. We are authorized by Rule 84.14 to "give such judgment as the court ought to give" in order to finally dispose of the case. *In re Marriage of Reese,* 155 S.W.3d 862, 876 (Mo.App.2005). The trial court's judgment is modified to reflect that the dismissal of case no. 305AC0416 is without prejudice. As modified, the judgment is affirmed. *See American Indus. Resources, Inc. v. T.S.E. Supply Co.,* 708 S.W.2d 806, 809 (Mo.App. 1986); *State ex rel. Members of Bd. of Educ. of Everton R–III Sch. Dist. v. Members of Bd. of Educ. of Greenfield R–IV Sch. Dist.,* 572 S.W.2d 899, 900 (Mo.App. 1978); *Schmitt v. City of Hazelwood,* 487 S.W.2d 882, 889 (Mo.App.1972).

GARRISON and BARNEY, JJ., concur.