**John H. SMITH, Jr.,**
**Plaintiff/Appellant,**

v.

**STATE of Missouri and St. Louis County Police Department,**
**Defendants/Respondents.**

**No. ED 89853.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 21, 2007.

John H. Smith, Jr., Mineral Point, MO, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, MO, Linda S. Wasserman, Clayton, MO, for respondents.

PATRICIA L. COHEN, Chief Judge.

John H. Smith, Jr. (Appellant) appeals from an order entered by the St. Louis County Circuit Court on May 22, 2007 denying his application for habeas corpus ad testificandum. We dismiss the appeal.

On March 7, 2007, Appellant filed a civil petition against the State of Missouri and the St. Louis County Police Department for replevin. Appellant sought to recover various items and money that he alleged were removed from his home during a police investigation on October 2, 2002. Appellant is a prisoner in the custody of the Missouri Department of Corrections at Potosi Correctional Center. The trial court set the cause for a scheduling conference on June 14, 2007 to set a discovery schedule. Appellant filed an application for a writ of habeas corpus ad testificandum, requesting that writ issue to the Superintendent of Potosi Correctional Center requiring him to bring Appellant to the scheduling conference. On May 22, 2007, the trial court entered an order denying Appellant's application for a writ of habeas corpus ad testificandum. Appellant then appealed from this order. Respondent St. Louis County Police Department (Respondent) has filed a motion to dismiss the appeal, contending it is not a final, appealable judgment. Appellant has not filed a response.

Typically, an appellate court only has jurisdiction over final judgments that dispose of all issues and parties and leave nothing for future determination. *Gibson v. Brewer,* 952 S.W.2d 239, 244 (Mo. banc

1997); Rule 74.01(b). Any judgment adjudicating fewer than all claims or all parties does not terminate the action and it is subject to revision by the trial court at any time until final judgment. *Goodson v. National Sports and Recreation, Inc.,* 136 S.W.3d 98, 99 (Mo.App. E.D.2004). Here, the order in question does not resolve the underlying claim in the case regarding replevin of money and items taken from Appellant's home. The order does not resolve one distinct claim in the case. Rather, it is a miscellaneous interlocutory order regarding the Appellant's application for habeas corpus ad testificandum. "For a judgment to be final and appealable, it must be one that finally disposes of at least one claim on the merits and not a ruling on miscellaneous issues that does not resolve at least one claim." *Bryant v. City of University City,* 105 S.W.3d 855, 856 (Mo.App. E.D.2003). The order is interlocutory and not appealable.

Respondent's motion to dismiss is granted. The appeal is dismissed for lack of a final, appealable judgment.

BOOKER T. SHAW and NANNETTE A. BAKER, JJ., concur.