**JIMMY JONES EXCAVATION, INC., Plaintiff–Respondent,**

v.

**RAPID PLUMBING, LLC, Defendant–Appellant,**

**Wells Fargo Bank, N.A., et al., Defendants–Respondents.**

**No. SD 32100.**

Missouri Court of Appeals,
Southern District,
Division Two.

July 1, 2013.

Christopher J. Stark of Springfield, MO, for Appellant.

Richard L. Schnake, Sativa Boatman–Sloan, Springfield, MO, Randy S. Anglen, Russell Schenewerk, Branson, MO, Donald L. Cupps, Cassville, MO, Robert M. Pitkin, Steven M. Leigh, Kansas City, MO, for Respondents.

Respondents Wells Fargo Bank, N.A., Wells Fargo Financial National Bank, James and Susan Chase, Ed and Lisa Casmer and Indian Ridge Resort, Inc. Acting Pro Se.

JEFFREY W. BATES, J.

This appeal is a bit of flotsam that washed up from the maelstrom of litigation generated by the failure of the Indian Ridge Resort Community development in Stone County, Missouri. Quite commendably, Appellant Rapid Plumbing, LLC (Rapid) is appealing from a judgment which awarded it too much money on its mechanic's lien claims. Respondents Jimmy Jones Excavation, Inc. and Lawrence Bank concede that the amount awarded in the judgment is erroneous. After our review of the record, we agree. Therefore, the judgment is modified to correct the error and, as modified, is affirmed.

On February 20, 2009, Rapid filed four mechanic's lien claims in the Circuit Court of Stone County, Missouri involving parcel 34 of the amended final plat for the Indian Ridge Resort Community. These lien claims, which totaled $22,914, were asserted in the following amounts against the following lots:

A.  a lien in the amount of $3,900 upon lots 22A and 22B;

B.  a lien in the amount of $4,736 upon lots 31A, 31B, 32A and 32B;

C.  a lien in the amount of $13,208.50 upon lots 52A, 52B and 54B; and

D.  a lien in the amount of $1,069.50 upon lot 54A.

Each mechanic's lien claim had an attached exhibit which contained an itemized list of labor and materials charges that made up the claimed lien amount.

In April 2012, the trial court granted Rapid mechanic's liens totaling $32,289.98 on the following lots in the following amounts:

A.  $1,950 on lot 22A, plus prejudgment interest from August 22, 2008 at nine percent;

B.  $1,950 on lot 22B, plus prejudgment interest from August 22, 2008 at nine percent;

C.  $1,178.85 on lot 31A, plus prejudgment interest from August 22, 2008 at nine percent;

D. $1,178.85 on lot 31B, plus prejudgment interest from August 22, 2008 at nine percent;

E. $1,140.21 on lot 32A, plus prejudgment interest from August 22, 2008 at nine percent;

F. $1,140.21 on lot 32B, plus prejudgment interest from August 22, 2008 at nine percent;

G. $6,023.02 on lot 52A, plus prejudgment interest from August 22, 2008 at nine percent;

H. $6,023.02 on lot 52B, plus prejudgment interest from August 22, 2008 at nine percent;

I. $5,852.91 on lot 54A, plus prejudgment interest from August 22, 2008 at nine percent; and

J. $5,852.91 on lot 54B, plus prejudgment interest from August 22, 2008 at nine percent.

Rapid raised the error in a post-trial motion to amend the judgment, but that motion was denied. This appeal followed.

Appellate review of this court-tried case is governed by Rule 84.13(d). *Grider v. Tingle*, 325 S.W.3d 437, 440 (Mo.App. 2010).[1] "The trial court's judgment will be sustained unless no substantial evidence supports it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Crossland v. Thompson*, 317 S.W.3d 635, 637 (Mo.App.2010). The issue here is whether the evidence supports the amounts awarded by the trial court on Rapid's lien claims.

With respect to lots 22A and 22B, Rapid claimed an aggregate lien of $3,900 ($1,950 per lot). The itemized exhibit attached to this lien claim shows labor charges of $1,950 for lot 22A and $1,950 for lot 22B. Therefore, the court awarded the correct amount on this lien claim.

With respect to lots 31A, 31B, 32A and 32B, Rapid claimed an aggregate lien of $4,736. The itemized exhibit attached to this lien claim shows labor and material charges of $1,178.85 for lot 31A; $1,178.86 for lot 31B; $1,140.21 for lot 32A; and $1,140.22 for lot 32B (for a total of $4,638.14). The trial court awarded $1,178.85 on lot 31A; $1,178.85 on lot 31B; $1,140.21 on lot 32A; and $1,140.21 on lot 32B (for a total of $4,638.12). The two-cent difference in the amount proven versus the amount awarded is a *de minimus* variance which needs no correction. *See Pruitt v. National Life & Accident Co.*, 237 S.W. 852, 853 (Mo.App.1922). Therefore, the trial court awarded the correct amount on this lien claim.

With respect to lots 52A, 52B and 54B, Rapid claimed an aggregate lien of $13,208.50. The itemized exhibit attached to this lien claim shows labor and material charges of $6,023.03 for lot 52A and $6,023.02 for lot 52B (for a total of $12,046.05). The trial court awarded $6,023.02 on lot 52A and $6,023.02 on lot 52B (for a total of $12,046.04). As noted above, we may ignore the one-cent difference. *See Pruitt*, 237 S.W. at 853. With respect to lot 54B, however, the itemized exhibit shows labor and material charges of $852.91.[2] The trial court awarded

---

1. All references to rules are to Missouri Court Rules (2013).

2. The itemized exhibit shows a grand total of labor and materials for lot 54B of $5,852.91. The next calculation was intended to reduce that lien amount to account for a $5,000 payment. In performing that calculation, Rapid used the incorrect starting figure of

$6,069.50. Consequently, an incorrect final "balance due" of $1,069.50 for lot 54B was shown on the exhibit. This computational error, however, does not affect the validity of Rapid's lien. *See Missouri Land Development Specialties, LLC v. Concord Excavating Co., L.L.C.*, 269 S.W.3d 489, 498 (Mo.App.2008).

$5,852.91 on lot 54B, which was $5,000 too much on this lien claim.[3]

With respect to lot 54A, Rapid claimed an aggregate lien of $1,069.50. The itemized exhibit attached to this lien claim shows labor and material charges of $852.91.[4] The trial court awarded $5,852.91 on lot 54A, which was $5,000 too much on this lien claim.[5]

Rule 84.14 states, in pertinent part, that an appellate court shall "give such judgment as the court ought to give. Unless justice otherwise requires, the court shall dispose finally of the case." The amounts awarded by the trial court with respect to lots 22A, 22B, 31A, 31B, 32A, 32B, 52A and 52B were correct and are affirmed. Pursuant to Rule 84.14, we modify the judgment with respect to the amounts awarded on lots 54A and 54B. With respect to each lot, Rapid is awarded a mechanic's lien in the amount of $852.91, plus prejudgment interest from August 22, 2008 at nine percent. As modified, the awards for lots 54A and 54B are affirmed. *See Golden Valley Disposal, LLC v. Jenkins Diesel Power, Inc.,* 183 S.W.3d 635, 642 (Mo.App.2006).

DANIEL E. SCOTT, P.J. and DON E. BURRELL, C.J., concur.

---

3.  The trial court used the correct "grand total" figure for lot 54B, but then failed to reduce that amount to account for the $5,000 payment.

4.  In determining the final balance due for lot 54A, Rapid made the same computational error as it did on lot 54B. This resulted in the incorrect final "balance due" for lot 54A shown on the exhibit.

5.  The trial court made the same mathematical error in determining the lien amount for lot 54A.